**THOMAS v. ROBERTS.**

**No. 14230.**

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1932.

H. L. Hammett, of New Orleans, for appellant.

F. B. Freeland, of New Orleans, for appellee.

**JANVIER, J.**

Plaintiff claims of defendant $235, alleging that his automobile, while driven by his son, was run into by a truck belonging to defendant and negligently operated by an employee, and that damage amounting to that sum resulted.

The accident occurred at the corner of St. Charles and Louisiana avenues in New Orleans. Plaintiff's automobile was proceeding up St. Charles avenue. Just before it reached the corner of Louisiana avenue, plaintiff's son noticed that the traffic signal light was against him and that two other automobiles were stopped waiting for the light to change. One of them was immediately next to the St. Charles avenue neutral ground; the second was alongside the first, and therefore plaintiff's son drove to the right of the second car so that there were then three abreast. He stopped, and all waited for the light to change. When the light changed, plaintiff's son drove his car into the roadway of Louisiana avenue, and, when he had reached a point some eight or ten feet beyond that at which he had been

previously stopped, he was struck on the left side by the truck of defendant, which was approaching at a rapid rate of speed.

There seems to be no doubt that the truck was proceeding at an excessive speed and that it entered the intersection after the traffic light facing it had turned to red. The driver was therefore negligent, both in the matter of speed and because of his violation of the ordinance, which requires that vehicles shall come to a stop at intersections guarded by lights when the lights showing towards them are red.

It is very evident, however, that plaintiff's son did not look for the approach of any other vehicles in the roadway crossing his path, and that had he done so he would have seen the on-coming truck and would not have driven his car in front of it. Counsel for plaintiff has interestingly and mathematically shown that the truck of defendant entered the intersection after the light was "against" him, but all his ingenuity is unable to convince us that the accident could not have been averted had plaintiff's son exercised reasonable care. True enough he had no reason to presume that any one else was acting in violation of a safety ordinance. Still he was at fault in relying entirely on the drivers in the cars to the left of him to see if the roadway was clear. His desire to pass them and to lead them up the avenue was the proximate cause of the collision. The drivers of both cars to his left saw the truck coming, and the driver of a third car, which was behind his car, also saw the truck, and we are of the opinion that the action of plaintiff's son was plainly negligent.

The judge of the trial court felt that both drivers were at fault, and dismissed plaintiff's suit, and we think that he was correct.

The judgment appealed from is affirmed.

Affirmed.