**LONG et al. v. WHITE et al.**

No. 4429.

Court of Appeal of Louisiana, Second Circuit.

June 30, 1933.

For former opinion, see 146 So. 368.

Dimick & Hamilton, of Shreveport, for appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

DREW, Judge.

This case was decided by this court on March 6, 1933, and reported in 146 So. 368. The evidence and pleadings in the case are fully set forth in that opinion and we will not reiterate them except wherein necessary to determine the question before us now.

The court, in its former study of the case, considered the plea of contributory negligence, but inadvertently failed to specifically reject said plea in its opinion. Since contributory negligence is a special plea which calls for a determination of it in the judgment, we deemed it advisable to grant a rehearing limited to the plea of contributory negligence. On rehearing we have heard argument and received the briefs.

The plea of contributory negligence is a special plea and it is incumbent upon the party pleading it to prove it, and in this case the defendant has failed to show any negligence on the part of the plaintiff.

Plaintiff was traveling east and defendant south. At the intersection where the accident occurred neither street is designated by law as a right of way street. Therefore, under the law, if plaintiff and defendant had arrived at the intersection at the same time, the plaintiff would have had the right of way, as plaintiff's car was approaching the intersection from defendant's right. However, the evidence is convincing that when plaintiff entered the intersection defendant's car was many feet north of the intersection and the distance was such as to justify plaintiff, as a reasonable person, in believing he could cross the intersection ahead of the defendant. Plaintiff was likewise justified in presuming that defendant would stop if necessary to allow plaintiff to cross. The facts fully corroborate the reasonableness of plaintiff's judgment, for plaintiff's car had reached the center of the intersection, with the front of the car several feet to the east of the center, when it was struck by defendant's car on the rear of plaintiff's car. Plaintiff was traveling on his right side of the road and defendant in the center or near the center of the street.

In order to sustain the plea of contributory negligence it is necessary to show negligence on part of plaintiff, which defendant has failed to do. Defendant has cited, in support of his contention, the cases of Hamilton v. Lee (La. App.) 144 So. 249, Driefus v. Levy (La. App.) 140 So. 259, and numerous other cases which we have examined, and find the facts in this case make the cited cases inapplicable; and we cannot subscribe to the rule laid down in the case of Thomas v. Roberts (La. App.) 144 So. 70. However, in that case the court found that plaintiff drove into the intersection without looking, which is not true in this case, as plaintiff herein saw the defendant's car a considerable distance north of the intersection.

Defendant has failed to sustain by proof

**134**

the plea of contributory negligence, and it is therefore overruled.

It is therefore ordered, adjudged, and decreed that, with this supplemental opinion added, the former opinion of this court is reinstated and made the opinion of the court; all costs to be paid by defendants.