It is my belief that the conclusion that defendant's driver was guilty of negligence is erroneous because it has the effect of destroying the superior rights granted by the city traffic ordinance to motorists travelling over an intersection on a favorable semaphore light by imposing upon them additional burdens which, in my view, are unreasonable.
In truth, the doctrine announced in this case is tantamount to an extension of the rule set forth in Thomas v. Roberts, La.App., 144 So. 70. That rule has been subjected to vigorous criticism (see 7 Tulane Law Review, pages 463 through 465) and, while I have been and am still of the opinion that it is wholly sound, I think that any extension of that principle is unwarranted for the reason that it would result in encouraging open violations of traffic ordinances by placing an unreasonable duty of watchfulness on motorists travelling on a favorable light signal, as suggested in the Tulane Law Review article above referred to.
As shown by the facts stated in the majority opinion, defendant's truck was travelling on Banks street in the direction of the business section of the city. When it arrived at the intersection of Carrollton Avenue, the driver stopped in obedience to the traffic semaphore light which was then red. Upon the change of the signal light to green, and thus establishing his right to proceed over the intersection of Carrollton Avenue, defendant's driver looked to his left for traffic on the upper roadway and then to the right for traffic in the lower roadway. Upon observing that both roadways were clear of traffic, the driver proceeded over the crossing at a slow rate of speed (not over fifteen miles per hour), and, after he had successfully cleared the upper roadway and neutral ground and had preempted the lower roadway, his truck was struck on its right side by plaintiff's car which had come into the intersection from the lower roadway of Carrollton Avenue on an unfavorable signal.
It is conceded by everyone that Mr. Kientz was guilty of fault and there can be no doubt that his neglect was the proximate and predominating cause of the accident. But, in view of the fact that Mrs. Kientz was a passenger in the automobile, it will not do to dismiss her claim, because of her husband's negligence, if the driver of defendant's truck was guilty of any dereliction of duty which had causal connection with the mishap.
The majority find that defendant's driver was negligent because, although he looked to his right for traffic proceeding in the lower roadway of Carrollton Avenue before he started across the intersection, he did not look again while he was negotiating the crossing. And it is further found that, if he had looked, he would have seen the Kientz car and would have realized that it was going so fast that it could not stop at a time when he could have brought the truck to a stop.
It is conceded by the majority that the result in this case cannot be reached by an application of the doctrine of Thomas v. Roberts. I fully concur in this finding because I understand the holding in the Roberts case to be limited to situations where the motorist, proceeding on a favorable traffic signal, darts into the intersection without first ascertaining that the crossing is clear of all traffic. Hence, that doctrine is obviously inapplicable here because, at the time defendant's driver entered the Carrollton Avenue intersection, the traffic on that street which had been travelling over the Banks street intersection had already successfully completed the crossing. It also appears that, before the driver went over the roadway, he looked to the left and then to the right and, seeing no traffic in either the upper or the lower roadway of Carrollton Avenue, he proceeded over the crossing. Therefore, there can be no doubt that the driver looked before he started over the intersection. The majority are, however, of the opinion that this was not enough; that he should have looked again for traffic in the lower roadway while he *Page 513 
was in the act of passing over the upper roadway or the neutral ground.
I see no reason for placing this additional burden upon the truck driver. He had the favorable signal; he had looked and, in my view, he was entitled to assume that vehicles on Carrollton Avenue, approaching the intersection from either roadway, would obey the law and yield the right of way which the traffic semaphore had given him.
Moreover, when the majority conclude that the truck driver should have glanced again to his right while he was in the act of crossing the roadway, it is interesting to determine at what point in the roadway the driver was required to perform this additional duty. I suppose the answer is that he should have looked at a time and place where his observation could have effected an avoidance of contact with the Kientz car — that is at a time and place prior to his preemption of the lower roadway. On this point the majority, by their own admission, indulge in considerable calculations. It is stated that, since the upper roadway is twenty-eight feet in width and the neutral ground is thirty-eight feet, the truck driver had a clear and unobstructed view of traffic proceeding on the lower roadway of Carrollton Avenue for over 75 feet, if he had glanced again towards his right. Then, by calculating that plaintiff's car was probably travelling twice as fast as the truck, the opinion goes on to state that, if the driver had looked to his right when he was fifteen or twenty feet from the entrance of the lower roadway, he would have seen the plaintiffs' car some thirty or forty feet from the entrance of the intersection; that, if he had seen it, he would have observed that it was travelling at such a speed (25 or 30 miles per hour) that it could not stop and that, at the slow speed at which he was travelling, he could have stopped within fifteen or twenty feet and thus avoided the accident. This conclusion, in my opinion, is predicated on pure conjecture.
Assuming that defendant's driver had the duty of looking again into the lower roadway of Carrollton Avenue before he preempted it (to which I am unable to agree) and that, at the time he should have looked, plaintiff's car was thirty or forty feet from the intersection travelling at twenty-five or thirty miles an hour, how can it be fairly said that, if he had observed plaintiff's car travelling at that speed, he would have been bound to believe that the car was not going to stop in obedience to the unfavorable traffic signal which defendant's driver had valid reason to believe was facing Mr. Kientz? Surely, if the majority believe that the truck driver could have stopped within the 15 or 20 feet allotted to him, why would not he have just cause to believe that Kientz would stop within 30 or 40 feet at a speed twice as fast as the truck? And, even though the truck driver would have been otherwise impressed, who can say that his mental processes would have reacted so quickly that he could have brought his truck to a stop within fifteen or twenty feet? The majority admit that the duty which it has imposed upon the truck driver was a slight one, in fact, merely a momentary glance towards his right. Yet, it is found that, by the performance of that duty, he would have immediately reacted to the speed of plaintiff's car and was in a position to stop his car before it preempted the lower roadway.
The speculations indulged in by the majority result, in my opinion, from a strained conception of the duty imposed upon a motorist negotiating a crossing on a favorable traffic signal. I fully agree that such motorist cannot, in the face of imminent danger, rely upon the right of way accorded him by law. But it should be borne in mind that the presence of a favorable traffic semaphore instills in a motorist a sense of security; indeed, a feeling not only that he is entitled to proceed but that his right to do so will be respected by others. And, except in cases of flagrant lack of observation, the courts should be cautious not to hold motorists, so situated, to a rigid account for their failure to observe and thereby grant protection to the negligent driver, who crosses an intersection in violation of law, or to accord to his passengers a right of redress where his fault is the predominating and, albeit, the proximate cause of the accident.
We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, who was operating his car *Page 514 
in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.
I have read all of the cases cited in the majority opinion and find nothing in them which I believe to be in conflict with the views herein expressed. Indeed, the case of Manuel v. Bradford, La.App., 166 So. 657, which the majority opinion attempts to distinguish from the instant matter, is not only strikingly similar but the facts therein are stronger in favor of a conclusion of negligence on the part of the motorist crossing on a favorable signal than those presented here. In that matter, the plaintiff was travelling on Carrollton Avenue in the direction of City Park. Upon reaching the intersection of Canal street and finding a favorable traffic signal, he proceeded over the riverside roadway and, while so doing, he was struck by defendant's car which was being driven down Canal street at a speed of thirty to thirty-five miles per hour and which had proceeded over the Carrollton Avenue intersection on a red, or unfavorable, light. The question presented was whether plaintiff was guilty of contributory negligence because, in spite of the favorable signal facing him, he proceeded over the crossing after he had observed defendant's car travelling into the intersection on the unfavorable signal at the above stated speed. It was there argued that plaintiff was at fault for two reasons, (1) that he should have realized that defendant would not yield the right of way to him in view of the excessive speed of his car and (2) that this fact was all the more apparent to him because defendant had already crossed the upper roadway of Carrollton Avenue on a red light. Despite these contentions we held that, because plaintiff testified that he believed the defendant would obey the law and stop in order to accord to him the right of way, the plea of contributory negligence could not prevail.
The distinction attempted to be made by the majority between Manuel v. Bradford and this case seems to be that, in the former, Manuel saw the Bradford car and testified that he believed that it would and could stop, whereas here, defendant's driver did not see plaintiff's car and that, if he had seen it, he would not have been justified in assuming that it would stop. Frankly, I cannot discern the difference. The evidence in this case shows that plaintiff's car was not travelling at a speed in excess of twenty-five or thirty miles an hour. Therefore, if defendant's driver had seen it, at the time the majority believe he should have seen it, why wouldn't he have been entitled to assume that it would stop and yield to him the right of way? In the cited case, we held that Manuel was entitled to assume that the Bradford car would stop, notwithstanding its speed of thirty to thirty-five miles an hour and despite the fact that Bradford had already crossed the upper roadway of Carrollton Avenue on a red light.
There is one other thing that I think should be mentioned with respect to the view of the majority. It will be noted that the opinion states that defendant's driver had the duty of looking for traffic in the lower Carrollton Avenue roadway at the time he was proceeding over the upper roadway into the neutral ground. Yet, the conclusion that the truck driver would have been able to avoid the accident, if he had seen plaintiff's car, is based on calculations of what he could have done if he had seen it at a time when he was fifteen or twenty feet from the entrance of the lower roadway of Carrollton Avenue and plaintiff's car was thirty or forty feet distant. However, if, as found by the majority, defendant's driver had the duty of looking to his right at the time he was negotiating the crossing, it is probable that he would have seen the Kientz car while he was going over the upper Carrollton Avenue roadway or a distance of forty to fifty feet from the neutral ground entrance to the lower roadway. Therefore, the Kientz car, travelling at twice the speed of the truck, would have been eighty to one hundred feet from the entrance of the lower roadway. In such circumstances, could it be fairly said that defendant's driver would not have been entitled to assume that plaintiffs' car approaching the intersection at a speed of twenty-five to thirty miles per hour would obey the law and yield the right of way to him? I think not.
For the foregoing reasons, I respectfully dissent. *Page 630