HARDY, Judge.
This is an action in which plaintiff seeks to recover damages resulting to his automobile from a collision with a panel truck belonging to Shreveport Laundries, Inc., which corporation, with its insurer and the driver of the truck, are made defendants. By way of supplemental and amended answer the defendant, Shreveport Laundries, reconvened and prayed for judgment against plaintiff for damages to the truck. After trial there was judgment rejecting plaintiff’s demands and further judgment rejecting the reconventional demands of defendant, Shreveport Laundries, from which judgment plaintiff has brought this appeal. Defendant, Shreveport Laundries, has answered the appeal, seeking the amendment of the judgment to the extent of allowing its reconventional demand.
This litigation is the result of an inter-sectional collision which occurred at Fair-field and Jordan Streets in the City of Shreveport. Plaintiff was driving his automobile west on Jordan Street. Traffic on Fairfield was halted in response to the red light of the traffic signal at the intersection, and the driver of defendant’s truck had stopped next to the west curb line of Fair-field, the vehicle being headed south.
According to the testimony of plaintiff the traffic signal showed the green light permitting the movement of traffic on Jordan Street as he approached the intersection. But the conclusion is inescapable, from plaintiff’s very straightforward testimony, that he did not actually observe the signal at the time he entered the intersection, and we think it is clearly established that the light changed before plaintiff attempted to negotiate the crossing of the intersection.
*922 Immediately on the left of the position occupied by defendant’s truck, headed in the same direction, waiting the change of the traffic light, was stopped a truck of the Fitzgerald Plumbing Company. On the change of the signal the Fitzgerald truck was set in motion but the driver perceived the approach of plaintiff’s automobile in time to bring his truck to a stop and avoid a collision. Defendant’s truck, which had started up at approximately the same time as the Fitzgerald truck, was several feet in the intersection before the driver noticed the approach of plaintiff’s automobile, at which time it was too late to avoid the collision.
This case involves solely the determination of questions of fact, and we have been favored with a well reasoned analysis of the facts and the logical conclusions to be drawn therefrom in written opinion of the learned District Judge, with whose findings we 'heartily accord. Unquestionably plaintiff must have actually entered the intersection not only after the display of the yellow caution light, which, according to uncon-troverted testimony, remained lighted for three seconds, but actually after the red light signal, which should have warned him against entering. Defendant’s truck was not set in motion until the green signal was displayed for traffic on Fairfield Avenue.
Under these facts it is obvious that plaintiff was at fault. Even conceding that he was traveling at a slow rate of speed, certainly he could have negotiated the entire crossing of the 36 foot 9 inch intersection during the three second period allowed for the caution signal. It therefore follows that plaintiff must have entered the intersection either after the actual display of the red light, or, giving him the benefit of every doubt, at the very last of the caution light signal. Obviously, he was negligent in not having timely observed the intersec-tional light, and, under the circumstances, in failing to bring his car to a stop before proceeding into the intersection, and this negligence, we are convinced, was the proximate cause of the accident.
With respect to defendant’s reconven-tional claims, we are constrained to observe that although plaintiff’s negligence was the proximate cause of the accident, it is equally clear that defendant was guilty of an almost concurrent negligence which was certainly a contributing cause of the accident. True, the driver of defendant’s truck did not undertake to cross the intersection until traffic was accorded the right of way. Nevertheless, since his view to his left was obscured by another truck, we think -he is chargeable with the responsibility of proceeding with extreme caution until he could have made clear observation to the east along Jordan Street. If this reasonable extra precaution had 'been observed, then the driver would have been able to bring his truck to a stop, as was done by the driver of the truck on his left, in time to have avoided the collision.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.