HARDY, Judge
(dissenting).
The majority opinion in- the instant case upholds the" sufficiency of plaintiff’s petition on the ground that it alleges: “ * * that the offending Oldsmobile was driven from the. less favored North Myrtle Street into the right-of-way street at a time when plaintiff had already entered this intersection. The proof of these two' facts would be sufficient basis for a judgment against defendant. Cole v. Sherrill, La.App., 7 So.2d 205.”
I respectfully point out that the petition does not allege “that plaintiff had already entered this intersection”. The petition alleges “that as petitioner was about to enter the intersection” he saw the Oldsmobile “approximately twenty feet south of said intersection and traveling at a speed between forty and fifty miles per hour.”
A preferred thoroughfare or a right-of-way street is not of itself sufficient to give carte blanche to the driver of a vehicle on such thoroughfare. This rule has been applied even in cases where traffic signal lights reinforced the right-of-way privilege. Blashfield’s Cyclopedia of Automobile Law *768 and Practice, Section 686; Lindsay v. Shreveport Laundries, La.App., 43 So.2d 921; Greenwood v. Romby, La.App., — So.2d --[1]
Careful study of plaintiff’s petition in the instant case discloses that the words negligence, proximate cause, contributing cause, contributory negligence are nowhere used and in order to 'hold the petition sufficient it is necessary to read certain implications and certain conclusions into the document. In my opinion this is an unjustified extension of the rules of liberality.
I respectfully dissent.
Rehearing denied; Hardy, J., dissenting.

. Rehearing granted.