McBRIDE, Judge.
Plaintiff-appellant, whose suit was dismissed below, claims of defendant $2,937, alleging that his automobile -was run into by a passenger bus owned by defendant, and operated 'by one of its employees. The amount claimed represents the value of plaintiff’s Ford automobile, which is alleged to have -been demolished, and for damages for personal injuries, with attendant expenses, alleged to have been sustained by plaintiff. ■
The accident occurred on the morning of March 2, 19S0, at Esplanade Avenue and North Rampart Street, in the intersection formed by the lane on North Rampart Street reserved for traffic moving downtown, and the lane on Esplanade Avenue which accommodates traffic going towards the river. The bus, which was traveling towards the river on Esplanade Avenue, after making a passenger stop at the'lake side of North Rampart Street, proceeded forward into North Rampart Street at a rate of speed which does not appear from the record. Plaintiff charges the bus operator, among other enumerated acts alleged to constitute negligence, with 'having entered North Rampart Street in the face of a red or unfavorable traffic light. There is irreconcilable conflict in the testimony in the two camps of witnesses as to whether the bus started into the intersection on the red light, but the trial judge resolved the question in accord with plaintiff’s contention, and held as a fact that the bus operator did violate the traffic signal. In view of the conflict in the testimony, we can but invoke the oft-repeated and time-honored rule that a finding of fact by the trial judge, where the evidence is conflicting and a question of veracity is involved, should not be disturbed unless manifestly erronéous. We find no such error.
At any rate, the bus proceeded across the lake side traffic lane on North Rampart Street, passed the neutral ground, and then entered the river side lane where it struck the left middle of plaintiff’s Ford car, which was being driven by the plaintiff towards downtown.
Defendant in the alternative pleaded that plaintiff was guilty of contributory negligence in that he failed to exercise that degree of caution necessitated by the circumstances. The trial court so held and our study of the record convinces us of the correctness of this conclusion.
*224 Daniel’s narrative of the facts of the accident runs like this: He was driving down North Rampart Street at about 20 miles per hour, and as he approached the Esplanade intersection the signal light facing him was red, hut that the light changed to green when he was 30 or 35 feet from the corner, whereupon he continued onward, entered the intersection, and was run into by the bus. He frankly admitted that he entered the intersection blindly and1 without looking for traffic on Esplanade Avenue, and that he never knew what hit him until regaining consciousness after the impact. An important aspect of the case is found in the actions of Daniel before he drove into the intersection. Two defense witnesses stated that there were two automobiles stopped adjacent to the neutral ground on North Rampart 'Street in the lane in which Daniel was traveling, and that Daniel swerved his car to the right, passed these stopped cars,'and entered the intersection. There is no question in our minds that there were cars standing at the intersection. Mrs. Gimo, a plaintiff witness, mentions them, but she could not say how many were there. Daniel when interrogated about the other cars answered:
"I was going home. To tell you the truth, I don’t know if there was a car there or not, but there must have been because I pulled over in the second lane. I would not have pulled in the second lane for nothing.”
Counsel for plaintiff, to avoid the impact of defendant’s alternative plea, argues that under the doctrine established by the Supreme Court in Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, Daniel, when the light changed to green in 'his favor when he was 30 or 35 feet from the intersection, had the right to assume that traffic on Esplanade Avenue would obey the traffic signal, and that in entering the intersection he acted as a reasonably prudent driver, and consequently was not guilty of contributory negligence. In the case relied on by counsel, the Court found that the trucfc driver entered the intersection on a green light after looking to right and left, but that he did not again look before crossing second roadway, and was struck 'by an automobile approaching from the right. The Court went on to hold that under the traffic light system a ¡motorist proceeding on a proper signal should not be held to the same degree of care as if no such system prevailed, and that he is entitled to assume that the signals are understood and will be observed, and he is not required to anticipate that other motorists will, in violation of law, enter an intersection on an ¡unfavorable signal.
However, we notice that the Court made an observation on.page 150 of 209 La., on page 294 of 24 ''So.2d, which we think is most apropos 'here:
“It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negli-gente if he collides with another motorist who enters an intersection on an unfavorable light. And it ¡can not and will not be disputed that a ¡motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. * * * ”
We think that the doctrine which controls the instant situation was enunciated by us in the case of Thomas v. Roberts, La. App., 144 So. 70, 71. What we said in that case has been approved many times, even by the Supreme 'Court, as will be seen by the above-quoted language taken from the case of Kientz v. 'Charles Den-nery, Inc.
In Thomas v. Roberts, in which the facts are strikingly similar to the case now under consideration, we said:
“ * * * True enough he had no reason to presume that any one else was acting in violation of a safety ordinance. Still he was at fault in relying entirely on the drivers in the cars to the left of him to see if the roadway was clear. His desire to pass them and to lead them up the avenue was the proximate cause of the collision. The drivers of both cars to his left saw the truck coming, and the driver of a third car, which was behind his car, also saw the truck, and we are *225 of the opinion that the action of plaintiff’s son was plainly negligent.”
That is exactly the situation to be found here.
We are well aware that the peculiar facts in Thomas v. Roberts led to the particular result reached, and that there are some later cases in which motorists' moving on a favorable light have been absolved' from negligence for not having looked before entering the intersection. However, in each of these cases the court found the existence of certain extenuating circumstances. We have in mind particularly Lewis v. Groetsch, La.App., 32 So.2d 396, wherein the plaintiff entered the intersection on a favorable light signal and crashed into a crossing truck which had entered the intersection on an unfavorable light. The facts of the case showed that the view of the motorist was obstructed by a standing streetcar, and we held that whereas the light facing the motorist had been green for a length of time sufficient to have permitted other traffic to clear the intersection before the motorist entered the intersection, he was not at fault in failing to see or anticipate the presence of the truck.
Daniel was not in the same situation as was the motorist in the Lewis v'. Groetsch case. Although there were two parked cars to his left, there is absolutely no showing that these cars would have interfered with Daniel’s view. He took no precautions whatever, for had he used his sense of sight upon approaching the intersection, he should have seen the large on-coming passenger bus of defendant at a point close to the lane in which he was traveling, and taken some steps to avoid coming into contact with the bus. We are inclined to believe, and the circumstances of the case so warrant, that the drivers of both of the stopped cars saw the bus coming and delayed starting their vehicles into Esplanade Avenue until the bus had cleared the intersection. Had plaintiff been as cautious as the other two drivers, the accident under investigation would never have taken place. Daniel’s ill-timed maneuver in dashing around the cars directly in front of the bus without looking and without allowing for the clearance of other traffic brands him guilty of contributory negligence, and bars his right to recover.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.