YARRUT, Judge.
Plaintiff-Appellant sues Defendant-Ap-pellee to recover property damage sustained by him as the result of a collision between their two automobiles on February 11, 19SS, at 5 :30 P.M., at the intersection of LaBarre Road and Airline Highway (U.S. 61) in Jefferson Parish.
Plaintiff charges Defendant with negligence in not according him the right-of-way on a green traffic light, while Defendant reciprocally charges Plaintiff with negligence in not according him the right-of-way on a green traffic light. In the alternative, Defendant pleads Plaintiff’s contributory negligence and reconvenes for his own property damage. Plaintiff’s damage was fixed at $235.49, and Defendant’s at $156.25, by stipulation. While the only dispute between the parties is who was properly proceeding across the intersection, the undisputed facts are these:
Airline Highway has two paved roadways, separated by a 4-foot wide elevated neutral ground strip. Each roadway has four lanes, each 7-feet wide, running in opposite directions between Baton Rouge and New Orleans. LaBarre Road is paved with only two, hut opposing, traffic lanes, each 10-feet wide, running between the Lake and the River.
The intersection is controlled by an electric-automatic semaphore signal. Just before the accident four automobiles came up to a stop on the Highway on their way to New Orleans, in obedience to a red traffic light. When the light changed to green, a Mrs. Decker (witness for Plaintiff), who was stopped in the first lane nearest the neutral ground, started to make a left turn to cross the lakeside roadway of the Pligh-way. Just as she started the turn she saw Defendant’s car on her left crossing the lakeside roadway of Airline Highway nearing the neutral ground strip. She stopped and let him go to avoid a collision. Next to her, or in the second lane from the neutral ground, was a car driven by M.rs. Casselberry (another witness for Plaintiff). She proceeded to enter LaBarre Road intersection when the light turned green but applied her brakes likewise in time to avoid striking Defendant, Plaintiff’s car was in the third lane from the neutral ground. He testified he likewise started to cross LaBarre Road but was unable to stop before striking Defendant’s car on the right side about the center. Another automobile, in the extreme fourth lane, near the curbing, proceeded across LaBarre Road without mishap.
Defendant testified he entered'the'Highway on the green light but was detained a bit because other automobiles in front slowed down, one in particular to make a left turn into the Highway on the way to New Orleans. The testimony indicates that at the time of the collision there was heavy traffic at the intersection. Both Mrs. Decker and Mrs. Casselberry testified they saw Defendant coming across at a rather rapid speed but were able to apply their brakes in time to avoid a collision. Neither one could testify whether or not there was a car ahead of Defendant’s making a left turn, or whether or not any-cars were ahead of Defendant’s, crossing LaBarre Road. Each lady testified that, because the *304 accident happened a long time ago (the trial was two years after the occurrence), they could not remember whether there were any cars ahead of Defendant. Plaintiff described what happened as follows:
“Q. What happened when the traffic light changed to green for Airline Highway traffic? A. The car on my right (referring to the one in the fourth lane)* pulled out and he completely crossed LaBarre Road and the car on my left started to pull out and then after that I started to pull out and the car on my left there, it came to a complete stop and then I noticed this other car coming across there and I stopped as quick as I possibly could.
“Q. Were you able to stop in time to avoid the accident? A. No, sir, it was impossible.”
The judge of the lower court did not give any .reasons for judgment, but it is apparent to us that he considered both Plaintiff and Defendant were guilty of concurrent negligence, since he dismissed Plaintiff’s main demand and Defendant’s reconventional demand. Since Defendant has not taken an appeal, we can only consider whether Plaintiff was guilty of negligence in proceeding to cross the intersection.
When an intersection is controlled by a stop sign, the motorist on the favored street can assume that any motorist, approaching from the less favored street, will bring his automobile to a complete stop before entering the intersection; nevertheless, some slight observation of the other automobile must be exercised because the motorist on the less favored street, who has stopped in obedience to the stop sign, is entitled to proceed whenever it appears to him, as a reasonably prudent man, that it is safe to negotiate the crossing; but, when a crossing is protected by electric semaphore lights, it is not essential for the favored driver to look for violations by side-street traffic facing the red light. Youngblood v. Robinson, 239 La. 338, 118 So.2d 431.
Under present-day traffic conditions, when a motorist (Defendant here) enters an intersection on a green light, he is not negligent in paying attention to his light and not the traffic, which he has a right to presume will remain stopped until he completes his crossing. Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919.
Here we have four automobiles stopped abreast of each other on Airline Plighway, in obedience to a red light, at a very busy intersection. The motorists in the first two lanes saw Defendant crossing, in time to avoid a collision. Had Plaintiff been equally observant he, too, could have seen Defendant and avoided striking him. Plaintiff, in the third lane, necessarily with his vision somewhat impaired by the two cars to his left, should not have started on' the green light, merely because the other two did, without making sure it was safe to do so.
Before a motorist, who has stopped in obedience to a red light, or a stop sign, on a favored highway or a cross-street, has a right to proceed, it is his duty to look and to permit any motorist in the intersection to safely complete the crossing.
While no reasons for judgment were given, it is apparent to us, after reading the transcript, that the lower court concluded Plaintiff was guilty of negligence in entering the intersection without first permitting Defendant to complete the crossing, after he properly entered the intersection and was entitled to proceed.
Since the Defendant has not appealed from the judgment dismissing his re-conventional demand, it is unnecessary for us to consider whether Defendant was *305 guilty of contributory or concurrent negligence.
For the reasons assigned, the judgment of the district court is affirmed; Plaintiff - Appellant to pay costs in both courts.
Affirmed.

 Words in parentheses added.