HALL, Judge pro tem.
Plaintiffs, Mrs. Nancy H. Lloyd, her husband, Clarence Lloyd, and Mrs. Arlene Wells, passengers in a car driven by Horace L. Wells filed suit against Marquette Casualty Company and State Farm Mutual Automobile Insurance Company, the insurers, respectively of Amos Broussard, the owner, and George Monsour, the driver, of a vehicle which collided with the car in which they were riding at the intersection of South Broad Street and Washington Avenue in the city of New Orleans.
As a consequence of the impact, plaintiffs asserted that they suffered the following damages :
Mrs. Lloyd (personal injuries) $40,000.00
Mr. Lloyd (personal injuries, property damage and special damages) $11,923.14
Mrs. Wells (personal injuries and special damages) $2,025.00
and prayed for judgment accordingly against the aforementioned insurance companies in solido. In the alternative, in the event the court should absolve Monsour of negligence, plaintiffs prayed for an award of damages in the same amounts against Alabama Farm Bureau Mutual Casualty Insurance Company Inc., insurer of Horace L. Wells, the driver of the car in which they were passengers.
The trial court concluded that the driver of the Broussard vehicle was solely responsible for the accident and accordingly rendered judgment against Marquette Casualty Company, the insurer of the owner thereof in the following amounts: Mrs. Lloyd, $5,000.00; Mr. Lloyd $768.14; and Mrs. Wells $600.00, and dismissed the suit *623 as to State Farm Mutual Automobile Insurance Company and Alabama Farm Mutual Casualty Company Inc.
Defendant, Marquette, appealed, asserting that the trial court erred in concluding its insured’s driver was negligent, and the plaintiffs, Mr. and Mrs. Lloyd appealed, seeking an increase in quantum.
The accident from which the injuries and damages resulted occurred on Saturday, April 25, 1959 in mid-afternoon at the intersection of South Broad and Washington Avenue. Both thoroughfares at the juncture where they intersect are wide, double laned traffic arteries that are divided by a neutral ground. Traffic at this intersection is regulated by semaphore signal lights.
Although the litigants, as usual, dispute the facts, the evidence inscribed in the record preponderates to the effect that the accident occurred in the following manner:
Horace Wells was driving a vehicle owned by Mr. Lloyd on Washington Avenue toward the river. Mrs. Wells, Lloyd and his wife were passengers at the time and the foursome had just arrived in this city on a combination business and pleasure trip. As Wells neared the intersection of Broad Street the traffic signals at this corner facing him were green and he crossed one roadway of Broad and the neutral ground area when the light was still green. While his vehicle was traversing the second roadway of Broad, or the one accommodating downtown bound traffic, the signal changed.
In the meantime, George Monsour, who was driving a car owned by his father-in-law, Amos Broussard, and in which six guest passengers were riding, had been driving on Broad toward Canal Street. Just as he reached the intersection of Washington Avenue, the light turned red and he stopped his vehicle before entering the intersection. His car was the first in line awaiting the signal to change. When the light did turn green, Monsour accelerated immediately without first ascertaining that all the traffic proceeding on Washington Avenue had cleared the intersection. When the Broussard vehicle driven by Monsour, was approximately ten feet into the intersection, it was driven into the right rear bumper of the Lloyd automobile, pushing the rear end to the left and causing the driver, Wells, to lose control. As a result, the Lloyd vehicle collided with two automobiles parked at the right hand curb of Washington Avenue immediately beyond the intersection. Monsour himself conceded he did not see the Lloyd vehicle until he collided with it, despite the fact that it crossed immediately in front of his own before his right front bumper hit the Lloyd’s rear bumper.
Counsel for Marquette asserts the trial court erred in failing to accept the version of the accident given by Monsour and his passengers, namely, that the Lloyd vehicle was speeding and had entered the Broad Street intersection after the signal regulating Washington Avenue traffic had changed to red, since this account of the facts was corroborated by a disinterested witness, Bryan T. Deming.
Deming testified, in deposition form, that he was driving an ice cream delivery truck on Washington Avenue toward the lake and had stopped for a red light at the intersection of Broad a short time before the collision occurred. From this vantage point, he saw the Lloyd vehicle approaching at a speed in excess of 35 miles per hour and moving on Washington Avenue toward the river. Fie said the Lloyd vehicle entered the Broad intersection on a red light. At the same time, Monsour, who had a green light, started to cross the uptown roadway of Washington Avenue and stopped suddenly when he was approximately ten feet into the intersection, apparently because the driver became aware that the Lloyd vehicle would not stop. Deming said the Lloyd vehicle then swerved to the left and hit the traffic island in the middle of the intersection and then spun out of control moving toward the right. He said it finally *624 stopped after hitting two parked automobiles at the right hand curb of Washington Avenue.
The trial judge apparently disregarded Deming’s testimony for three reasons: (1) Clarence Lloyd testified that Deming stated at the scene of the accident that his truck was one block away when it occurred and he did not see it; (2) Monsour admitted he was first under the impression that the Deming truck was moving in an uptown direction on Broad Street and (3) although Monsour said Deming gave him his name as a witness immediately after the accident, Deming was not interviewed as a witness by the police who investigated it and Mon-sour did not mention to the investigating officers that Deming had witnessed the accident.
There is nothing in the record to convince us that the trial judge committed reversible error in concluding that the accident was caused by the sole negligence of Monsour in failing to ascertain that all traffic in Washington Avenue, which had entered on a green signal, had cleared the intersection before he started his vehicle. Thus the judgment against Marquette Casualty Company, the owner’s insurer, was proper. See Dupuy v. Maury, La.App., 136 So.2d 302.
At this point, it should be noted that the trial court at the end of the trial properly dismissed plaintiffs’ suit as to the other two insurers. Wells’ insurer was released upon a finding that its insured was not negligent, while Monsour’s insurer was liable only for any judgment in excess of the amount of the policy limits of Marquette Casualty Company, which were $25,000.-$50,000. The awards were well within Marquette’s policy limits.
The final question which this appeal has posed for our consideration is whether the quantum is adequate.
The medical evidence establishes that Mrs. Lloyd, who was 62 when the accident occurred, suffered a fracture of the right tibial plateau, which is the primary weight supporting bone of the knee. While the fracture was mending, she was forced to walk with the aid of crutches for two and one half months. Although the x-rays show the fracture knitted well, Mrs. Lloyd’s right leg has atrophied and the circumference of the right calf is % of an inch smaller than that of the left. Mrs. Lloyd testified that the residual disability she has suffered is that her right knee tends to give way when she walks on uneven surfaces and this has caused her to fall frequently.
In addition, Mrs. Lloyd testified that she has suffered excruciating neck and head pains since the accident and has lost 25 pounds. Plaintiffs attempted to prove that Mrs. Lloyd suffered a whiplash injury to her neck as a result of the accident; however, the expert testimony offered was insufficient to establish this as a fact. Mrs. Lloyd stated she wears a neck halter to alleviate the pain from the injury but the doctor who prescribed it and who apparently treated her for the neck condition did not testify.
While the record establishes that Mrs. Lloyd suffered painful injuries and undoubtedly suffered headaches and nervousness as a result thereof, we think that the award of $5,000.00 is adequate.
With respect to the amount awarded Mr. Lloyd, we conclude that it is in excess of his special damages and medical bills and the record does not support an increase in the amount awarded for personal injuries, since he himself admitted he was only shaken up momentarily by the impact.
Since Mrs. Wells has not appealed, it is not necessary for us to discuss the sufficiency or insufficiency of the award in her favor.
For the reasons assigned, the judgment appealed from is affirmed. Defendant to pay all costs.
Affirmed.