147 So.2d 454 (1962)
Albert F. MARTIN, Jr., Plaintiff-Appellant,
v.
Bessie M. SLOCUM et al., Defendants-Appellees.
No. 9830.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
Smitherman, Smitherman, Purcell & Lunn, Shreveport, for appellant.
Cook, Clark, Egan, Yancey & King, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff sued Bessie M. Slocum, her husband, and their liability insurer to recover damages for personal injuries, medical expenses, property damages and related losses allegedly resulting from an intersectional collision between an automobile driven by plaintiff and one owned by Mr. Slocum and being operated by his wife. From a judgment rejecting plaintiff's demand he has appealed.
The accident occurred in the City of Shreveport at the intersection of Hollywood and Linwood Avenues where traffic is controlled by an electric semaphore light with the usual alternating red, yellow and green signals. Both streets are undivided four-lane thoroughfares, Linwood running north and south and Hollywood east and west.
Plaintiff charged Mrs. Slocum with negligence in entering and attempting to cross the intersection against a red traffic light, failing to maintain a proper watch, failing to yield the right of way across the intersection after plaintiff's prior entry therein, driving her car at an excessive rate of speed, failing to maintain proper control over her vehicle, failing to take any evasive *455 action whatsoever, and alternatively, having the last clear chance of avoiding the accident.
After denying the above alleged acts of negligence with which Mrs. Slocum was charged, the defendants affirmatively charged plaintiff with negligence and alternatively with contributory negligence in running the red light, entering the intersection without yielding the right of way to a vehicle already therein, failing to keep a proper lookout, failing to maintain his vehicle under proper control, and leaving a place of safety and driving his vehicle directly into the path of another vehicle.
In a well-reasoned written opinion the trial judge found both drivers guilty of negligence and rejected plaintiff's demands under defendant's plea of contributory negligence. After outlining the testimony of the various witnesses, he concluded Mrs. Slocum entered the intersection while the signal light was yellow, indicating caution, but before she cleared the crossing it had turned red. He further found that Martin proceeded into the intersection either against a red light or as it turned green without allowing the Slocum vehicle sufficient time to clear the crossing. Perceiving no error, manifest or otherwise, we adopt the lower court's findings of fact.
Under the facts as found plaintiff was clearly guilty of negligence which was a proximate cause of the accident precluding his recovery under the plea of contributory negligence. Whether Mrs. Slocum was also negligent, as found by the lower court, we are not called upon to decide as such may be conceded for the purpose of passing on the special plea. The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same. Schindler v. Gage (Orl.App., 1952), La.App., 59 So.2d 215; Blue Ribbon Cleaners v. Aetna Casualty & Surety Co. (La.App. 4 Cir., 1961), 125 So.2d 613; Potts v. United States Fidelity & Guaranty Co. (La.App. 2 Cir., 1961), 135 So.2d 77.
The judgment appealed from is affirmed at appellant's costs.
Affirmed.