217 So.2d 662 (1969)
Malvin C. BETTIS
v.
PAULSEN-WEBBER CORDAGE CORP., Mathilde A. Wilson, and General Accident Fire & Life Assurance Corporation, Ltd.
No. 3210.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1969.
William J. Lopez and John P. Dowling, New Orleans, for plaintiff-appellee.
Schoemann, Gomes & Ducote, Monte J. Ducote, New Orleans, for defendants-appellants.
Before YARRUT, SAMUEL and REDMANN, JJ.
SAMUEL, Judge.
This is a suit for personal injuries and other damages sustained in a vehicular accident involving two automobiles. Plaintiff, a passenger in one of those automobiles which was being driven by his wife, brought the suit against Mathilde A. Wilson, owner-driver of the other vehicle, her employer, Paulson-Webber Cordage Corp., *663 and their liability insurer, General Accident Fire & Life Assurance Corp., Ltd. Defendants' answer denies negligence on the part of the defendant driver and alternatively pleads contributory negligence on the part of the plaintiff driver, plaintiff's wife, whose negligence, it is argued, is imputed to the plaintiff. Subsequently plaintiff voluntarily dismissed the action against the defendant employer.
After a trial on the merits judgment was rendered in favor of plaintiff and against the two remaining defendants in the total sum of $5,082 for pain and suffering, damages to the plaintiff automobile, loss of wages and medical expenses. The two defendants cast, Miss Wilson and General Accident, have appealed therefrom.
The accident occurred shortly after 7:30 p.m. on August 20, 1963, a clear night, in the intersection of Airline Highway and Maple Ridge Drive in the Parish of Jefferson. Airline at this intersection consists of eight lanes, four for outbound traffic proceeding in a westerly direction away from the City of New Orleans and four for traffic traveling inbound in an easterly direction towards that city. The two sets of lanes are separated by a neutral ground. There is a bay in the inbound neutral ground lane reserved for traffic making a left turn into Maple Ridge Drive, which street forms a "T" intersection with Airline and enters the highway from a northeasterly direction. The intersection is controlled by electric semaphore signals. One traffic light indicates with a green arrow when to make a left turn for the purpose of crossing the four outbound Airline lanes and entering Maple Ridge Drive; this is a separate signal for left-turn only. In addition, there are two lights controlling Airline inbound and outbound traffic. When the arrow is on, the other lights are green for inbound traffic and red for outbound traffic.
Four witnesses testified relative to the occurrence of the accident: the plaintiff, his wife, the defendant driver and the latter's mother. A state trooper who had investigated the accident testified relative to the intersection and its traffic signals; he had no independent recollection of the accident.
Plaintiff's wife testified: She was driving an automobile which belonged to the community between herself and her husband. The latter was a passenger in the car. They were on their way to some unnamed person's house for the purpose of discussing his painting the building. They had been traveling out Airline, i.e., in a westerly direction, at a speed of 25 miles per hour in the lane closest to the curb. About one and one-half blocks from the intersection she reduced her speed to 10 or 15 miles per hour when she noticed the traffic lights facing her at the Maple Ridge Drive intersection were red. There were three lines of cars to her left, each about one-half block long, stopped for that light in the three traffic lanes to her left. When she was about two car lengths from the intersection the light changed to green and she proceeded to cross without stopping. Her car struck the defendant vehicle in the center of its right side in the lane of traffic in which she was traveling, i.e., the lane next to the curb. Although she applied her brakes, she was unable to avoid the collision. Because of darkness and the stopped vehicles to her left which obstructed her view she did not see the defendant car until a moment before the impact.
Plaintiff's testimony is substantially to the same effect. He did "outside" painting and was going to see about (apparently to bid on) a job. He occupied the front seat next to his wife.
The defendant driver testified she was traveling easterly or towards New Orleans on Airline in the extreme left lane closest to the neutral ground. Just prior to the accident she had stopped in the bay at the Maple Ridge Drive intersection to make a left turn. The intersection light *664 controlling her turn was red. She was the first car in the bay and there were no vehicles behind her. The three outbound Airline lanes closest to the neutral ground were occupied by traffic stopped for a red light. There were no cars in the fourth outbound lane, the lane closest to the curb. When the green arrow came on she immediately proceeded to cross in front of the stopped outbound traffic. As she crossed the fourth lane the plaintiff car struck her vehicle on its right side between the two doors. The front end of her automobile was in Maple Ridge Drive at the time of the impact. She was familiar with the intersection, having traversed it on previous occasions. She stated that when the arrow turns green only two cars in the bay can complete a crossing before the outbound Airline lights change from red to green.
The testimony of the defendant driver's mother is basically to the same effect. She was seated in the front seat on the opposite side from her daughter. Defendant's seven-year old daughter sat between them.
Imprimis we note that, insofar as third persons are concerned (and the defendants here are such third persons), the negligence of a wife while driving a community automobile on a community mission is imputable to her husband, especially when he is, and even when he is not, riding in the vehicle. Dowden v. Hartford Accident & Indemnity Company, La. App., 151 So.2d 697; Levy v. New Orleans & Northeastern R. Co., La.App., 20 So.2d 559; see Dowden v. Southern Farm Bureau Casualty Ins. Co., La.App., 158 So.2d 399.
The rule is applicable in the instant case. According to the testimony of the plaintiff and his wife, at the time the accident occurred they were in an automobile belonging to their community on an obvious community mission involving the husband's work, the car was being driven by the wife and the husband was a passenger therein. If the wife was guilty of negligence, that negligence must be imputed to the plaintiff-husband in this suit against the present defendants.
The essential question of fact to be resolved is when each of the two automobiles made its entry into the intersection with regard to the traffic lights. Did the plaintiff car enter on a green light as the two plaintiff witnesses testified and did the defendant car enter on a green arrow as the two defense witnesses testified? We are, of course, guided by the firmly established rule that in questions of fact dependent upon the veracity of witnesses the trial court's findings will not be disturbed in the absence of manifest error.
Although the record contains no reasons for judgment or findings of fact, the trial judge must have found that plaintiff's wife had a green light in her favor when she started to cross the intersection. Any other finding on that question would result in the wife being guilty of negligence, contributory or otherwise, which would bar a plaintiff recovery and clearly have required a judgment in favor of the defendants. However, we do not know the conclusion reached by the trial judge on the question of whether the defendant driver had the green arrow in her favor when she started to turn left and cross the intersection.
Accepting the trial court's finding that the plaintiff car entered the intersection on a green light just as that light turned from red to green, as testified by the two plaintiff witnesses, we are satisfied that the defendant driver did not, as she and her mother testified, start to turn left and cross the intersection as soon as the arrow was green in her favor. For according to Miss Wilson's own testimony the signal light changes were so arranged that the arrow remained green, and the lights controlling outbound Airline traffic remained red, for a sufficient time to allow two cars to make the left turn and *665 safely complete the crossing. As hers was the first and only car waiting in the bay to cross and as the record contains no suggestion she delayed the crossing after she had commenced the same, it is apparent she would have completed the crossing prior to the time the lights controlling outbound Airline traffic turned from red to green if she had started as soon as the arrow was green in her favor.
Unfortunately the record does not reveal the intersectional signal lights were arranged so that there was some lapse of time between the time the green arrow controlling the left turn went off and the lights controlling outbound Airline traffic changed from red to green or that there was no such lapse of time. Nevertheless, because the defendant car had almost completely crossed the intersection, had in fact crossed the neutral ground area, the three outbound traffic lanes and entered the fourth lane before the impact occurred, we are satisfied that it entered the intersection either just before or just after the green arrow changed to a red signal. In either case we are of the opinion that the plaintiff driver was guilty of negligence which was a proximate cause of the accident and which bars a plaintiff recovery.
If the defendant vehicle proceeded just before the green arrow changed to a red signal, both cars involved in the collision were proceeding on a favorable light. Under these circumstances the defendant automobile lawfully would have been in the intersection before the plaintiff driver made her entry therein and the latter would have been guilty of negligence because she was in violation of the pertinent statute which provides that vehicles facing a favorable green light shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection, and because the defendant car, having entered the intersection first, preempted the intersection. LSA-R.S. 32:232(1) (a); Earles v. Volentine, La.App., 191 So.2d 740; Martin v. Slocum, La.App., 147 So.2d 454; Dupuy v. Maury, La.App., 136 So.2d 302; Potts v. United States Fidelity & Guaranty Company, La.App., 135 So.2d 77; Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., La.App., 125 So.2d 613; Schindler v. Gage, La.App., 59 So.2d 215.
If the defendant vehicle proceeded just after the green arrow changed to a red signal, the plaintiff driver, and by imputation her husband, the plaintiff, was guilty of contributory negligence. According to her own testimony, the plaintiff driver did not see the defendant automobile which was then in and crossing the intersection because as she approached and entered the intersection her view to her left was obstructed by darkness and the three lines of stopped vehicles in the three traffic lanes closest to the neutral ground. Yet she entered the intersection blindly and without stopping immediately after, or just as, the light controlling her movements turned from red to green in her favor without regard for other traffic which might be in the intersection and without allowing a reasonably sufficient time, or indeed any time at all, to permit such other traffic to clear the intersection.
Our settled jurisprudence is that where traffic is controlled by an electric semaphore light, although a motorist generally may rely on the assumption that others will obey the traffic signals, he is guilty of negligence if he proceeds into an intersection immediately after a red light turns to green without allowing a reasonably sufficient time for vehicles in the intersection to clear the intersection, even if such vehicles are in the intersection in violation of the traffic light. Close v. Lumbermens Mutual Casualty Company, La.App., 207 So.2d 571; Martin v. Slocum, supra; Commercial Credit Corporation v. Morris, La.App., 107 So. 2d 563; Daniel v. New Orleans Public Service, La.App., 61 So.2d 223; Lindsay v. Shreveport Laundries, La.App., 43 So.2d 921; Thomas v. Roberts, La.App., 144 So. 70.
*666 For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that there be judgment in favor of the defendants, Mathilde A. Wilson and General Accident Fire & Life Assurance Corporation, Ltd., and against the plaintiff, Malvin C. Bettis, dismissing said plaintiff's suit at his cost in both courts.
Reversed.