DIXON, Judge
(dissenting) :
I must respectfully dissent.
This damage suit arose from an intersec-tional collision on September 23, 1965 at about 8:20 a. m. at the intersection of Airline Drive and U. S. Highway 80 in Bossier City, Louisiana. There was judgment in the district court for the plaintiffs for the damages that resulted from the injuries to Mrs. Compton.
There were no reasons for judgment included in the record; consequently, it is not readily apparent whether the determination of this case was purely factual, or whether it involved an interpretation of a statute (R.S. 32:232(2)).
Mrs. Compton was driving the family automobile in a westerly direction on Highway 80. Miss Carolyn Taylor was Mrs. Compton’s guest passenger. The other automobile involved in the collision was driven by Mrs. Bobbie Lodestro, who was headed in a southerly direction on Airline Drive, planning to turn left, or east, on Highway 80. Miss Taylor was also involved in litigation as a result of the accident. In addition to the three interested witnesses, the only other person who testified as to the actual accident was John Pickering, who was driving his automobile on Airline, headed north, and was waiting on the south *509 side of the intersection for the traffic light to change.
Mrs. Lodestro claims she entered the intersection on a green light. Mrs. Compton contends that she entered the intersection on a green light. The conflict in testimony makes it necessary to decide whether Mrs. Compton has carried the burden of proof in proving Mrs. Lodestro guilty of negligence, and whether the defendants have carried the burden of proof in proving plaintiff, Mrs. Compton, guilty of contributory negligence.
Mrs. Lodestro testified that she had almost come to a complete stop as she approached the intersection, and the light changed to green when she was about fifteen feet from the intersection. Mrs. Compton estimated her speed at thirty to thirty-five miles per hour, did not remember “a process of slowing down” and became aware that the traffic light was green for her, but could not judge her distance from the intersection when she gained this impression, did not ever see the light change, and did not see the Lodestro vehicle before it struck her automobile.
Mrs. Compton’s passenger, Miss Taylor, testified that when she and Mrs. Compton were about three or four car lengths away from the light, she first noticed that it was green; she then turned to her right, looked out the window, saw the Lodestro car approaching from the other side, realized it wasn’t going to stop, and turned back and looked at the light. She said that the Compton car was at that time almost directly under the light, which turned yellow at that moment. Miss Taylor said that Mrs. Compton was “not exceeding the speed limit which was forty-five miles an hour.” She estimated the speed of the Lodestro vehicle at forty miles an hour.
Mrs. Compton and Miss Taylor testified that Mrs. Lodestro admitted that she “ran a caution light.” Mrs. Lodestro denied running the caution light, but admitted that she made such a statement at the scene of the accident. No one explained the significance of the statement. The caution light operated only on the green-to-red cycle; Mrs. Lodestro approached the light on the red-to-green cycle, and no caution light appeared on her side.
John Thomas Pickering was a twenty-seven year old resident of Bossier City, stopped at the intersection headed north when the accident occurred. He was waiting for the traffic light to change from red to green in his favor. He observed the caution light on Airline, although he was almost perpendicular to it. When the light changed to yellow on Airline, he looked to the right and saw Mrs. Compton approach, and estimated her distance from the intersection at fifty or seventy-five feet. He watched Mrs. Compton enter the intersection and then heard the accident, the Compton vehicle shielded his vision from the approaching Lodestro automobile at the moment of the accident. After the impact, Mr. Pickering looked up at the traffic light and it was green for him and the other traffic on Airline. Mr. Pickering did not know when the traffic light changed from yellow to red for the traffic on Highway 80. He did not know whether the light changed to green for him before or after the impact. Pickering saw Mrs. Lodestro approach the intersection and saw that she was giving a left turn signal with the lights on her vehicle. He did not know whether she actually began her turn. He said that he talked to both Mrs. Lodestro and Mrs. Compton, and they both asked him if they had “run the light.” Pickering’s reply was that he didn’t know, because it was in the process of changing. A brief time elapsed between the moment of impact and the time when Pickering examined the traffic light, estimated by Pickering to be “a second or so.”
Pickering’s testimony contradicts that of Mrs. Compton and Miss Taylor. He observed the light on caution for Mrs. Comp *510 ton when she was fifty to seventy-five feet from the intersection. Mr. Pickering’s testimony has not been impeached in any way. No interest in the cause was demonstrated. His opportunity and the circumstances for his observation of the accident could hardly have been improved. Nothing in the record casts any doubt on his veracity or accuracy. To hold that Mrs. Compton entered the intersection on a green light, it would be necessary to disregard Pickering’s testimony, to brand it as untrue, or to call it mistaken.
Mrs. Lodestro testified that she entered the intersection when the light was green for her. If all of Pickering’s testimony were accepted as true, it would not necessarily conflict with this conclusion of Mrs. Lodestro. However, the statements that Mrs. Lodestro made at the scene of the accident cast some doubt upon the accuracy of her observation and recollection. The physical facts of the occurrence, the testimony of the witnesses, and Mrs. Lodes-tro’s own testimony require a conclusion that, viewing the evidence in a light most favorable to her, Mrs. Lodestro entered the intersection before allowing a sufficient time for vehicles in the intersection to clear it. This is negligence, and was a proximate cause of the accident. Martin v. Slocum, La.App., 147 So.2d 454.
The statute which controls the rights and duties of vehicular traffic at signal lights is R.S. 32:232. Subsection (2) is as follows :
“(2) Steady YELLOW or AMBER alone:
“(a) Vehicular traffic facing the signal is thereby warned that the red or ‘Stop’ signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or ‘Stop’ signal is exhibited.”
Finding that Mrs. Compton entered the intersection on a yellow light, we must examine the statute to determine whether such action on her part was prohibited or constituted negligence which caused the accident. If the traffic light for Mrs. Compton changed from yellow to red on Airline before the accident, or before she could have cleared the intersection, she would have violated the provisions of the statute which prohibit vehicular traffic from crossing the intersection when the red signal is exhibited. Although the probabilities are that the light changed from yellow to red for Mrs. Compton at about the moment of impact, the evidence does not compel such a conclusion because Mrs. Lodestro’s testimony might be disregarded as being inaccurate and the testimony of an interested party, and because the witness Pickering did not observe the moment when the traffic light changed from yellow to red for Mrs. Compton. It might have changed to red after the accident, when Mrs. Compton could possibly have cleared the intersection. If so, was she negligent in entering the intersection on a caution light under the circumstances?
The statute is clear that the yellow light is a warning that the stop light will be exhibited immediately thereafter. There is no justification for holding that Mrs. Compton could disregard such warning. What Mrs. Compton actually did at the intersection is not disclosed by the testimony. She did not see any other traffic; she did not see Mrs. Lodestro approach; she did not see the traffic light change from green to yellow. She failed to observe what Pickering observed and what Miss Taylor, her passenger, observed; she failed to heed the warning of the caution light. This was negligence which was a proximate cause of the accident.
The judgment of the district court should be reversed.