BLANCHE, Judge
(dissenting).
On further consideration of this case, I am of the opinion that the judgment of the City Court should be reversed and for that purpose a rehearing should be granted.
Mrs. Vandeveer testified that she was in the left-turn lane on North Foster Drive and that Mrs. Pino was stopped to her right rear in the next lane while she was waiting for the light to change. Mr. Bay-nard was in the same lane as Mrs. Pino, was stopped, and testified that the entire center lane was stopped. Mrs. Pino was also stopped, notwithstanding her testimony to the contrary. Mrs. Vandeveer would not pull into the intersection because she saw that the defendant, Mr. Bardsley, was not going to stop for the red light.
It is obvious that Mrs. Pino was stopped in such a position that her view of the intersection, from the direction Mr. Bardsley was proceeding, was blocked. When the light changed, she pulled out into the intersection from behind the Vandeveer vehicle, without looking, at a time when Mr. Bardsley had preempted the same and at a time when she could have seen what Mrs. Vendeveer had seen, namely, that Mr. Bardsley was running a red light. It is significant that Mrs. Pino only traveled eighteen inches into the intersection when the collision occurred while Mr. Bardsley had traversed several lanes. Therefore, Mrs. Pino was also negligent and the case is controlled by Cavalier v. State Farm Insurance Co., 224 So.2d 22 (La.App. 1st Cir. 1969), and Bettis v. Paulsen-Webber Cordage Corp., 217 So.2d 662 (La.App. 4th Cir. 1969), cited by defendant-appellant.
For the foregoing reasons, I respectfully dissent from the refusal to grant a rehearing.