HARDY, Judge.
This is an action by Dr. B. D. Mooring, Jr., joined by his automobile liability insurer, Allstate Insurance Company, seeking recovery for personal injuries and property damage resulting from an automobile collision. Named as defendants were Lynn R. Pomeroy, Sr., Lynn R. Pomeroy, Jr., and Pomeroy Builders. Defendants’ answer to plaintiff’s petition denied the allegations of negligence; alleged that the negligence of plaintiff, Mooring, was the proximate cause of the accident; alternatively pleaded contributory negligence on the part of Mooring, and then, assuming the position of third party plaintiffs, named as third party defendants the Feron & Page Insurance Agency, Inc., its individual members and the Firemen’s Fund Insurance Company. After trial there was judgment in favor of plaintiffs, Mooring and Allstate, against the Pomeroy defendants, and further judgment rejecting the third party demands of the Pomeroys and dismissing their complaint against the third party defendants. From this judgment the Pomeroy defendants have appealed and the appeal has been answered by the plaintiff, Mooring, praying for an increase in the amount of the judgment.
*436 The accident which is the basis for this action occurred at the intersection of a service road leading from the Shreve City Shopping Center into the Shreveport-Barksdale Highway, which intersection is controlled by a three-phase electric semaphore traffic light. A car owned and driven by one Jerry Bethany, allegedly an employee of the Pomeroy defendants, moving east on the highway, entered the intersection at or about the time the green signal changed to the yellow caution light. Dr. Mooring, driving his Cadillac automobile headed north on the service road, after waiting in a line of traffic through several changes of the signal light, had reached a point and stopped his car immediately adjacent to the highway. As the signal changed from red to green, Dr. Mooring moved his car into the highway and almost immediately was struck by the Bethany car.
At the conclusion of the trial the district judge dictated into the record a brief statement which included the following observation :
“The evidence clearly preponderates in favor of plaintiff that he entered the intersection on a green light. If we were to examine the testimony of Mr. Bethany, we find that he entered on a yellow light. We think the law is clear that one who does this must proceed with extreme caution and should not enter the intersection until after making sure that he can clear it without causing damage.”
We are in agreement with the conclusion that Mooring entered the intersection on a green light. However, we think it is clear from the testimony in the record that the plaintiff failed to make proper observation of traffic on the highway before entering thereon, and, as a result, did not observe the approach of the Bethany car which could and should have been seen. Bethany applied his brakes and it was the sound of the brakes and the blowing of a horn which first made plaintiff aware of the presence of the Bethany car at, or instantaneously before, the moment of impact.
The Shreveport-Barksdale Highway is a four-lane thoroughfare divided by a neutral ground separating the lanes for north and southbound traffic. The accident occurred about 2:00 o’clock on a Saturday afternoon and the testimony indicates that traffic was heavy both' on the highway and on the intersecting service road leading from a busy shopping center.
We are convinced that Bethany drove his car into the intersection on a yellow signal, and, under this circumstance, we think the jurisprudence imposed an obligation upon plaintiff to permit the clearance of traffic before entering the intersection even after the light turned to green. The rule was plainly stated in Martin v. Slocum (La.App. 2nd Cir., 1962), 147 So.2d 454, as follows:
“The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same. Schindler v. Gage (Orl.App., 1952), La.App., 59 So.2d 215; Blue Ribbon Cleaners v. Aetna Casualty & Surety Co. (La.App. 4 Cir., 1961), 125 So.2d 613; Potts v. United States Fidelity & Guaranty Co. (La.App. 2 Cir., 1961), 135 So. 2d 77.”
Even conceding the negligence of Bethany, we think the conclusion is inescapable that Dr. Mooring was guilty of contributory negligence which bars recovery. This finding precludes the necessity for consideration of the issues comprehended in the third party demand.
For the reasons assigned, the judgment appealed from, to the extent of the awards made in favor of B. D. Mooring, Jr. and *437 Allstate Insurance Company, is annulled and set aside, and
It is now ordered, adjudged and decreed that the judgment be amended by rejecting plaintiff’s demands as against Lynn R. Pomeroy, Sr., Lynn R. Pomeroy, Jr., and Pomeroy Builders, and, as amended, the judgment is otherwise affirmed.
Costs of both courts are assessed against plaintiffs.