BOLIN, Judge.
Mrs. Irene B. Jones, wife of James M. Jones, while a passenger in a Falcon automobile driven by her husband, was injured when the car in which she was riding was struck by a 1966 Ford, owned by Baroid Division of National Lead Company and being driven by its employee, Billy Wayne Pipkin. The Jones vehicle was insured by State Farm Insurance Company and the Baroid car by Employers’ Liability Assurance Corporation, Ltd. Mrs. Jones, claiming the accident was caused by the joint negligence of her husband and Pipkin, seeks judgment in solido against State Farm and Employers’. For written reasons the lower court decided the accident was caused solely by the negligence of Pip-kin and awarded her judgment for $2500 against Employers’. Plaintiff’s demands against State Farm were rejected and both plaintiff and Employers’ appeal.
Plaintiff specifies as error the refusal of the lower court to cast State Farm in judgment and also complains of the inadequacy of the award. On appeal defendant Em *526 ployers’ questions the finding that Pipkin’s fault was the sole cause of the accident and also asserts the award is excessive.
The accident occurred at the intersection of Louisville Avenue and North 18th Street in the City of Monroe, Louisiana. Louisville runs east and west and is a 4-lane street with two lanes for traffic proceeding west and two lanes for eastbound traffic. North 18th is a 2-lane street running north and south. Traffic at the intersection was controlled principally by an electric semaphore traffic light hanging directly above the intersection. This signal light had a cycle which took approximately 70 seconds to complete, 25 seconds of which time the signal would be either red or caution for eastbound traffic on Louisville and in the remaining 45 seconds the light would be green, enabling traffic to move east. During the first 15 seconds of this 45-second period there would be, in addition to the green light, a green arrow permitting motorists to turn left and proceed north on 18th Street. While the green arrow was lighted for eastbound traffic to turn left the signal controlling westbound traffic on Louisville Avenue remained red for the protection of left-turning motorists. At the very instant the green arrow went off for a left-turning motorist the light controlling the movement of westbound traffic immediately changed from red directly to green with no interval allowed for a caution light.
Mr. and Mrs. Jones both testified that on the day of the accident they were traveling east on Louisville and, in compliance with a green arrow, were in the process of turning left at the described intersection when their car was struck by the Pipkin car which entered the intersection from the westbound traffic lane of Louisville. Plaintiff claims while her husband was making the left turn the green arrow was on and that if it changed it did so after the left turn was commenced. Pipkin testified he was halted at the intersection waiting for the light to turn from red to green in order to proceed west through the intersection ; that after the light turned green he began slowly driving his car forward when the Jones vehicle suddenly turned to the left in front of him making the accident unavoidable. It is the contention of Pipkin’s insurer the accident was caused entirely by the negligence of Jones in failing to allow westbound traffic to clear before attempting to complete his left turn maneuver.
There were several eye witnesses to the accident and their testimony was conflicting in many respects. In his written reasons for judgment the trial judge thoroughly reviewed all the evidence and concluded his factual findings as follows:
“In the Court’s opinion Mr. Jones proceeded through the intersection on a green traffic light. Before he could clear the intersection, the green arrow went off and the light turned green for westbound traffic. Mr. Pipkin failed to notice Mr. Jones’ car in front of him and failed to permit Mr. Jones to complete his turn and clear the intersection.”
We are fully in accord with the facts as found by the lower court, which facts, in our opinion, amply support the conclusion the accident was caused solely by the negligence of Pipkin.
The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same. Earles v. Volentine, 191 So.2d 740 (La.App. 2 Cir. 1966) and numerous cases cited therein.
Mrs. Jones was 61 years of age at the time of the accident. Her injuries consisted primarily of a mild to moderate strain of the dorsal area as well as of the lumbar region super-imposed upon an existing arthritic condition. Even though she suffered severe pain the medical evidence indicates no permanent disability resulted from *527 the accident. Our appreciation of the medical testimony is that her period of convalescence to recover from the disability would not exceed six months. For these injuries the lower court awarded her $2500 for pain and suffering and in our opinion such an award does not amount to an abuse of the trial judge’s discretion.
For the reasons assigned the judgment appealed from is affirmed and appellant, Employers’ Liability Assurance Corporation, Ltd., is assessed with all costs.