BLANCHE, Judge.
This suit arises out of an automobile accident which occurred on December 19, 1966, at approximately 7:45 A. M. at the intersection of Louisiana Highway 22 with the Airline Highway (U.S. 61) in Sorren-to, Louisiana. Plaintiff-appellee, Alma B. Carpenter, was driving in a westerly direction on Highway 22 toward Sorrento, and defendant-appellant, Ernest A. Landry, was driving in a southerly direction toward New Orleans on the Airline Highway. The intersection is controlled by traffic signals, one each over the north and southbound lanes of the Airline Highway. At the time and place of the accident there was an extremely heavy fog in the area and visibility was extremely impaired. The only witnesses to the accident were Mrs. Carpenter, Mr. Landry and his wife, Mrs. Sadie Landry, who was a passenger in the Landry vehicle. Each driver claims to have had the green light and, therefore, each accuses the other of having run the red light.
The trial judge gave no reasons for his judgment but evidently resolved that Mrs. Carpenter had the green light and was free from negligence and that Mr. Landry ran the red light and that his negligence was the sole and proximate cause of the accident. Judgment was rendered in favor of Mrs. Carpenter for $2,000 for her personal injuries plus special damages of $533.08 and against Mr. and Mrs. Landry and the liability insurer of the Landry vehicle, State Farm Mutual Automobile Insurance Company, who was also made a defendant. The judgment further dismissed the re-conventional demands of all defendants and they have appealed. The judgment of the trial court is affirmed in all respects except as to the judgment in favor of plaintiff against Mrs. Sadie Landry, and in that respect the judgment is reversed.
Mrs. Carpenter lived in St. Amant, Louisiana, approximately two miles from the accident and testified as follows: With regard to the fog, she described it as so heavy that she would have turned around and gone home had there been a place for her to turn around. She was driving slowly on Highway 22 at a speed of approximately ten miles per hour following the *60 center median and estimated visibility was not more than ten feet. As she approached the intersection, she observed that the light was red and brought her vehicle to a stop. She waited in this position until the light changed to green, then looked to her left to see if the northbound traffic lanes of U.S. 61 were clear. She then traversed these two lanes and the neutral ground which separated the north and southbound lanes of traffic on U. S. 61. As she approached the southbound traffic lane, she did not bring her vehicle to a stop but looked to her right and failing to see Mr. Landry, attempted to proceed across the southbound traffic lane. The collision occurred when she entered the outside lane of the southbound traffic lanes of U. S. 61. The right front fender and wheel of her vehicle were damaged in the collision, and the force of the collision knocked her some 40 feet onto the neutral ground which borders the southbound traffic lanes on the west. Mrs. Carpenter was a resident of the area and familiar with the intersection and was aware that the traffic signals had been installed at the intersection some two and a half to three months before the accident.
Mr. Landry, a retired school teacher, had left Lafayette, Louisiana, at approximately 5:00 A. M. that morning and was proceeding south on the Airline Highway toward New Orleans. He also testified that his visibility was poor due to the fog and that he was driving at a speed of approximately 40 to 45 miles per hour. He explained that he was driving in the outside, southbound traffic lane, as his lights would enable him to guide on the edge of the highway. While he could see the taillights of cars in front of him for a distance of 30 or 40 feet, he was unable to see cars proceeding in the opposite lanes of travel. He testified that he could see the traffic light and that when he was approximately 110 feet away it changed from red to green and he, therefore, felt that he had the right of way. While he did not know whether he was looking in Mrs. Carpenter’s direction, he did not see her entering into the intersection and only observed her when she was in his path just prior to the collision. He also stated that had he looked to see Mrs. Carpenter he may or may not have seen her as it was very foggy. With regard to his knowledge of the location of the traffic control signals, he stated that he knew that there were traffic signals in the area but did not know exactly where. He had no knowledge concerning when the traffic light system in effect at the intersection at the time of the accident had been installed.
Mrs. Sadie Landry was riding as a passenger in the right front seat of the automobile. Mrs. Landry testified that she was seated in the car with her head on a pillow, and with her head in that position, her eyes were directed upwards toward the traffic light. While she did not notice the light change, she did notice that it was green when she was approximately 40 feet away. However, she never saw the Carpenter vehicle until after the accident.
Larry Paul LeBlanc and Brian Lobell were called as witnesses by the plaintiff and both were employed at the service station located on the southwest corner of the intersection. Mr. LeBlanc testified that his visibility was limited to approximately 30 feet and that he was on duty at the time of the accident and did not believe that he was able to tell the color of the light some 75 to 100 yards away. Mr. Lobell described the foggy condition of the highway and stated that he traveled approximately 20 miles an hour with his dim lights on and had come to work shortly before the accident occurred following the same route that Mrs. Carpenter had taken. He stated that he was unable to see the traffic light until he was approximately 20 feet from the intersection and that he could not see the traffic light from the service station.
Our review of the evidence leads us to conclude that the trial judge could have reasonably concluded from the evi *61 dence that Mr. Landry did not observe the traffic signal as he was occupied with watching the traffic ahead and trying to keep his position in the highway by guiding along the edge of the highway. Based on the other witnesses’ estimate of visibility, he would have also been justified in believing that Mr. Landry did not observe the traffic light 110 feet away and his driving at a speed of 40 to 45 miles an hour under such conditions was excessive. On the other hand, while Mrs. Carpenter was familiar with the intersection, a finding that she was aware of the dangerous condition at the intersection and brought her vehicle to a stop in obedience to a traffic signal and proceeded across the intersection after the light had changed to green is also justified. There is no evidence that Mrs. Carpenter failed to ascertain that the way was clear before entering the intersection. It is to be noted that she had traversed both northbound lanes, the neutral ground and the inside lane of the southbound lanes before the collision and if Mr. Landry could have seen as well as claimed, he would have been able to have observed her long before the collision occurred. Thus, we find no manifest error in the trial court’s award of a judgment in favor of the plaintiff dismissing the reconven-tional demands of the defendants.
Appellant charges that Mrs. Carpenter was guilty of contributory negligence by failing to ascertain that the way was clear before entering the southbound traffic lanes of the intersection. While Mrs. Carpenter testified that she looked toward the southbound traffic lanes as she reached the neutral ground, she did not observe appellant. Mrs. Carpenter testified that she was proceeding at a rate of 15 to 20 miles per hour, and appellant testified that he was traveling between 40 to 45 miles per hour. Considering the limited visibility and the difference in speed of the two vehicles, undoubtedly appellant’s vehicle was still obscured in the fog at the time Mrs. Carpenter looked in appellant’s direction. In short, the attempt is to hold Mrs. Carpenter guilty of contributory negligence for failing to see that appellant was about to run a red light while driving at an excessive rate of speed under the circumstances of a heavy fog beyond her range of visibility.
Appellant cites cases holding a plaintiff guilty of fault in entering an intersection immediately upon being faced with a favorable traffic light without first making certain that there was not in the intersection some other vehicle which had entered it and had been unable to clear it before a change in the light. Sangree v. Grilletta, 42 So.2d 851 (La.App.Orl. Cir. 1950); Mooring v. Pomeroy, 175 So.2d 435 (La. App. 2d Cir. 1965); McDaniel v. Grain Dealers Mutual Insurance Company, 182 So.2d 561 (La.App. 1st Cir. 1966); Cavalier v. State Farm Insurance Company, 224 So.2d 22 (La.App. 1st Cir. 1969).
We agree that the jurisprudence •is undoubtedly to the effect that a motorist who is stopped for a red light will be at fault if he enters the intersection immediately upon the light turning green without first taking the precaution of ascertaining that there are no oncoming motorists about to enter the intersection or so close approaching thereto as to be unable to stop. We are in agreement with the holdings of the cited cases but find them inapposite to the facts of this case. We believe that Mrs. Carpenter made a proper observation of the traffic before entering the intersection and should not be held to have observed the appellant driving at an excessive rate of speed in the fog. We, therefore, find no manifest error in the trial court’s finding plaintiff free of contributory negligence.
Appellants contend that the award of general damages in the sum of $2,000 in favor of Mrs. Carpenter is excessive and should be reduced. On the other hand, appellee has answered the appeal and urges that the award was inadequate and should be increased. Each counsel has cited cases which indicate that awards had been made *62 in similar cases to support their contentions. As stated in Tubbs v. Allstate Insurance Company, 238 So.2d 395 (La.App. 3rd Cir. 1970), much discretion is vested in the trial judge in determining the amount which should be awarded to an injured claimant as general damages. Awards made in other similar cases may and should be considered, however, to determine whether the amount allowed in a particular case is “all out of proportion with previous awards made for somewhat similar injuries” and thus whether the trial judge has abused the discretion which is vested in him. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Pepper v. Glover, 241 So.2d 269 (La.App. 1st Cir. 1970), the latter opinion having been written by this writer. We have carefully reviewed these cases cited by opposing counsel but have decided that no useful purpose would be served by discussing them here.
Mrs. Carpenter suffered a considerable amount of trauma described by the treating physician who first saw her as evidenced by the bruises which he observed present. She was fifty-eight years of age and did general housework for a livelihood. She testified that she has been unable to work since the accident, which was some eighteen months at the time of trial. The doctor described her as having pains in the neck, head and lower back and also found hypertrophic changes in the lower back and middle back secondary to arthritis. It was his opinion that the difficulties which she experienced with her back were either caused by the injuries she received in the accident or because of an aggravation of arthritis or both. He last saw Mrs. Carpenter some three months following the accident at which time she was given arthritic medicine and tranquilizers.
Our conclusion after reviewing the evidence and the awards made in similar cases is that the amount allowed appellant as general damages here is within the range of discretion vested in the trial court and, accordingly, we affirm the trial judge’s award of general damages and dismiss appellee’s appeal seeking an increase in the award.
Lastly, the judgment in favor of plaintiff was also against Mrs. Sadie Landry, and the inclusion of Mrs. Landry as a defendant cast in judgment must have been through inadvertence. While made a party defendant by plaintiff, there was no evidence adduced to suggest any liability on her part for plaintiff’s injuries. She was riding as a guest passenger in the automobile driven by her husband and at the time of the accident was reclining on the right front seat with her head on a pillow. The judgment insofar as it is in favor of plaintiff and against Mrs. Sadie Landry is reversed.
Affirmed in part, reversed in part, and rendered.