AYRES, Judge.
This is an action in tort wherein Kinzy Robertson seeks to recover damages for repairs to his automobile, loss of his wife’s income, and medical expenses incurred in the treatment of his wife; and his wife, Mary Lee Robertson, seeks to recover damages for personal injuries resulting from a collision between a 1962 Comet, owned and driven by Robertson, and a 1968 Plymouth, owned and driven by defendant Harvey B. Ratcliff and insured by defendant The Aetna Casualty and Surety Company. The collision occurred Septem *156 ber 25, 1970, at approximately 6:00 a. m. at the intersection of Lakeshore Drive and Jewella Road in Shreveport, Louisiana. Negligence charged to defendant Ratcliff included running a red light, failing to keep a proper lookout, failing to stop or slow down, failing to yield the right of way, and driving too fast under the circumstances.
Defendants denied any negligence on the part of Ratcliff and asserted that the sole cause of the collision was the negligence of Robertson in failing to maintain a proper lookout, failing to stop or slow down, entering the intersection on a red light, failing to yield the right of way, driving at an excessive rate of speed, entering the intersection when he either saw, or should have seen, the Ratcliff automobile was in and had pre-empted the intersection. Alternatively, defendants claimed that Robertson had, but failed to exercise, the last clear chance to avoid the collision, and that Robertson was guilty of contributory negligence in the above-named particulars which barred his recovery. Defendants moreover contended Mrs. Robertson was barred from recovery in that she was con-tributorily negligent in failing to observe the Ratcliff vehicle and call it to her husband’s attention. By reconventional demand, defendants sought judgment against Robertson in favor of Aetna in the sum of $315 and in favor of Ratcliff in the sum of $100.
After trial, there was judgment rejecting plaintiffs’ demands but awarding damages to defendants as prayed for in their recon-ventional demand. Plaintiffs appealed this judgment.
Both Lakeshore and Jewella are four-lane, undivided streets, with Lakeshore running east and west and Jewella running north and south. Their intersection is controlled by a signal light, and, at the time of the accident, the street surface was dry. Plaintiffs were traveling west on Lake-shore in the inner lane, while Ratcliff was proceeding north on Jewella in the outside, or curb, lane. The point of impact was determined to be in the northeast quadrant of the intersection. Plaintiffs’ vehicle stopped at the point of impact after having left 44.5 feet of skid marks. Ratcliff’s automobile continued northward approximately 33 feet before it stopped.
Robertson testified that he was traveling only 15 miles per hour and that the light turned green for him as he entered the intersection. He placed the point of impact in his lane of traffic just within the intersection. He maintained that the Rat-cliff vehicle had struck his automobile although admitting that his Comet was damaged on the left front, while the Ratcliff Plymouth was damaged on the right rear. Mrs. Robertson’s testimony generally corroborated that of her husband, but she did state that the light turned green when their vehicle was about 30 feet from the intersection.
Ratcliff testified that he first noticed the signal light when he was 50 feet from the intersection. It was green then and at the time he entered the intersection. He saw Robertson’s vehicle approaching from his right on Lakeshore, but he had no reason to believe that Robertson would not stop before entering the intersection. He stated that his front bumper was almost even with the north curb when his vehicle was struck over the right rear wheel.
The trial court found that Robertson was traveling faster than 15 miles per hour because of the length of the skid marks left; that the signal light turned green as the Robertson vehicle entered the intersection; and that the Ratcliff vehicle had traversed more than half the distance through the intersection when it was struck on the right rear side by the Robertson vehicle which had traveled only a few feet into the intersection. From this, the trial court concluded that Ratcliff had entered the intersection on a green light and had pre-empted the intersection.
On appeal, plaintiffs contend that the trial court erred in finding that defendant *157 had pre-empted the intersection and was not negligent.
Before one may claim the benefit of the rule of pre-emption, he must establish more than that he entered the intersection first. It must be shown that he made a lawful entry after first ascertaining that intersecting traffic was so far removed as to allow him a safe passage. He must also have entered the intersection with a bona fide belief and expectation that he could cross with safety. Launey v. Smith, 192 So.2d 154 (La.App., 4th Cir. 1966); Rhodus v. Allstate Insurance Company, 192 So.2d 226 (La.App., 4th Cir. 1966—writ refused 1967); Johnson v. Fidelity & Casualty Company of New York, 201 So.2d 177 (La.App., 4th Cir. 1967).
We find that Ratcliff met the requirements for the rule of pre-emption to apply in his favor. The record clearly supports the conclusion that he entered the intersection first. The trial court found he entered on a green light; thus, he lawfully entered the intersection. His testimony established that as he entered the intersection he saw the approaching Robertson vehicle approximately 50 feet away, but that Robertson did nothing to cause him to believe that Robertson would come through the intersection without stopping. Ratcliff could reasonably conclude that he would be able to cross the intersection in safety. We agree with the conclusion of the trial court that Ratcliff had pre-empted the intersection and was free of negligence.
This court has previously held that where traffic is controlled by an electric semaphore light a motorist is negligent if he proceeds into an intersection after a red light turns green without allowing sufficient time for those in the intersection to clear it. Martin v. Slocum, 147 So.2d 454, 455 (La.App., 2d Cir. 1962). The evidence in the instant case supports the finding that Robertson proceeded into the intersection when he either saw, or should have seen, that Ratcliff was still in the intersection. Such action constituted negligence on his part.
For the reasons assigned, the judgment appealed is affirmed at plaintiffs-appellants’ costs.
Affirmed.