HALL, Judge.
This is a tort action arising out of an intersectional collision which occurred on February 25, 1971, at approximately 8:08 p. m., at the intersection of DeSiard Street with University Avenue in the City of Monroe. The automobiles involved were being driven by the plaintiff, Mrs. Paula Kirby, and the defendant, Dwight Brum-field. Mrs. Kirby and her husband sought to recover from Brumfield damages for Mrs. Kirby’s personal injuries, medical expenses and damages to their automobile. American Indemnity Company, insurer of the Kirby vehicle, intervened in the suit seeking to recover from Brumfield amounts paid by it to plaintiffs under its collision and uninsured motorists coverage, Brumfield being an uninsured motorist. Defendant reconvened for the $100 deductible amount he had to pay for damages to his automobile under the collision coverage of his own automobile insurance policy. After trial there was judgment rejecting the plaintiffs’ and intervenor’s demands and granting the demands of plaintiff in reconvention, Brumfield. The plaintiffs and intervenor appealed. We affirm the judgment of the district court.
The collision occurred at a point where DeSiard Street is a four-lane street running east and west and University Avenue is a two-lane street running northeasterly and southwesterly — at slightly more than a ninety degree angle to DeSiard Street. At the time of the accident it was raining and dark. The intersection was controlled by an electric semaphore traffic light and the cycle of this light is important to this litigation. When the light is red for westbound traffic on DeSiard Street, there is a green arrow, left-turn signal light for eastbound traffic on DeSiard which is followed by a green light for eastbound and *313 westbound traffic on DeSiard Street which comes on simultaneously when the left-turn green light goes off.
The defendant, Brumfield, was driving in the inside eastbound lane of DeSiard Street as he approached the intersection and intended to make a left turn. He testified he observed the green arrow directional signal indicating a permissible left turn for his lane as he approached the intersection and that he entered the intersection and commenced a left turn while the green arrow was on. The evidence shows Brumfield proceeded into the intersection and reached a point where he had traversed the inside westbound lane of traffic and was entering the outside westbound lane of traffic on DeSiard when his automobile was struck on the right side by the automobile driven by the plaintiff, Mrs. Kirby. The Kirby automobile had moved from a stopped position in the outside traffic lane for westbound traffic on DeSiard to the point of impact, which was about fifteen to twenty feet from where she had been stopped.
Mrs. Kirby testified she was stopped for the red light and when the green light came on she moved forward and did not see the defendant’s car until the moment of impact. An automobile driven by George Honeycutt was in the inside lane immediately adjacent to the plaintiff’s car and this vehicle obstructed her vision so she was unable to see the defendant’s car as she moved forward.
Honeycutt, the only eyewitness to the accident, testified he started forward when the green light came on but stopped after going only about four to five feet to allow the Brumfield vehicle to clear the intersection. Honeycutt also testified that because of the position of the Brumfield car when he first saw it, he believed Brumfield was already in the process of turning when the light turned green for Honeycutt.
Officer Balsamo, the investigating officer, confirmed the sequence of the traffic light and that the point of impact was in the westbound outside traffic lane on De-Siard Street.
Brumfield admitted that he stated at the accident scene that it must have been his fault. However, he testified at the trial that he made this admission because Hon-eycutt and Mrs. Kirby both said their light was green and he, therefore, assumed at the time that he must have been at fault.
The trial judge found that Brum-field entered the intersection and commenced his turn on the green left-turn arrow. This finding is supported by the testimony of Brumfield and Honeycutt, and by the distance traveled by Brumfield into and across the intersection to the .point of impact. Actually, there is no evidence to the contrary, except possibly the statements of Brumfield at the scene of the accident. We find no manifest error in the conclusion of the trial judge on this factual issue.
The applicable law under these circumstances has been stated by this court in a recent decision, Robertson v. Ratcliff, 260 So.2d 155 (La.App.2d Cir. 1972) where the court held :
“This court has previously held that where traffic is controlled by an electric semaphore light a motorist is negligent if he proceeds into an intersection after a red light turns green without allowing sufficient time for those in the intersection to clear it. Martin v. Slocum, 147 So.2d 454, 455 (La.App., 2d Cir. 1962). The evidence in the instant case supports the finding that Robertson proceeded into the intersection when he either saw, or should have seen, that Ratcliff was still in the intersection. Such action constituted negligence on his part.”
Jones v. State Farm Mutual Automobile Ins. Co., 209 So.2d 525 (La.App.2d Cir. 1968) involved facts almost identical to those of the instant case. In holding that the negligence of a motorist who> proceeded into an intersection when the light *314 turned green and collided with a vehicle which had started a left turn on a green arrow signal, was the sole cause of the accident, this court stated:
“The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same. Earles v. Volentine, 191 So.2d 740 (La.App. 2 Cir. 1966) and numerous cases cited therein.”
The sole proximate cause of the accident was the negligence of Mrs. Kirby in proceeding into the intersection without allowing the Brumfield vehicle, which had already lawfully entered the intersection, to clear the intersection.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ cost.
Affirmed.