HOOD, Judge.
This is an action for damages arising out of an intersectional motor vehicle colli *831 sion. The suit was instituted by Thomas R. Ernst against Murphy O’Bannion, Dur-ward Grayson Lyons, and Continental Insurance Company. Continental was the insurer of the other two defendants. Judgment was rendered by the trial court in favor of plaintiff, and against all defendants, and defendants have appealed.
The questions presented are whether defendant Lyons, driver of one of the vehicles involved in the collision, was negligent, and if so, whether plaintiff Ernst is barred from recovery by his own contributory negligence.
The collision occurred about noon on November 13, 1970, at the intersection of Planer Mill Road and Glendale Road, in a rural area of Beauregard Parish. Both of these roads were graveled, and each was about 30 feet wide. The intersection was uncontrolled, there being no stop signs or other devices located there to control traffic. Some shrubbery in that immediate area made the intersection a relatively blind one, and because of that shrubbery it was difficult for a motorist approaching the intersection from any direction to see other vehicles approaching from his right or left.
Immediately before the accident occurred, plaintiff Ernst was driving his pickup truck south on Planer Mill Road toward this intersection. The truck was towing a 16 foot two axle livestock trailer, which was loaded with a 1,000 pound cow and calf. The front part of plaintiff’s truck entered and traversed the intersection, but while his trailer was in about the center of that intersection it was struck on the right side by a one and one-half ton truck being driven by defendant Lyons, an employee of defendant O’Bannion. As a result of the accident, plaintiff’s truck and trailer were damaged, and the cow was injured to the extent that she had to be slaughtered.
Lyons was driving his truck east on Glendale Road just before the collision occurred. The front of his truck entered the intersection and traveled a distance which we estimate to have been from seven to fifteen feet when it struck the right side of the Ernst trailer.
The Ernst truck and trailer combination was being driven at a speed of 25 to 30-miles per hour as it approached the intersection. Ernst attempted to look through the shrubbery to his right before he reached the intersection, but he saw no one approaching. He nevertheless slowed down to a speed of from 20 to 25 miles per hour as he entered the crossing. When his truck reached about the center of the intersection, he looked to his right and then for the first time saw the Lyons truck approaching from his right in such a manner that he realized that a collision was imminent. Ernst then accelerated the speed of his truck-trailer combination in an effort to clear the intersection before it was struck, but the collision occurred before he had time to pull his trailer through. Ernst estimated that the Lyons vehicle was from 50 to 100 feet from the intersection when he first saw it approaching.
Lyons was traveling at a speed of approximately 35 miles per hour as he approached the intersection. He did not see the Ernst vehicle enter the crossing, but he did see it while plaintiff’s truck was about in the center of the intersection. Lyons estimates that he was only 6 or 8 feet from the Ernst vehicle when he first saw him, but he obviously was mistaken in that estimate, because the record shows that he left skid marks 25 feet long before the impact occurred.
The trial judge concluded that defendant Lyons was at least 100 feet from the intersection when he saw the Ernst vehicle and realized that an accident was imminent. He found that plaintiff had preempted the intersection, and that the sole proximate cause of the accident was defendant Lyons’ “rate of speed and lack of care.”
When this accident occurred the law provided that the driver of a vehicle ap *832 proaching an intersection “shall yield the right of way to a vehicle which has entered the intersection from a different highway.” It also provided that when two vehicles enter an intersection from different highways at approximately the same time, “the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.” LSA-R.S. 32:121.
Our jurisprudence is settled that before a motorist can successfully rely on the doctrine of preemption he must show that he entered the intersection at a proper speed and sufficiently in advance of the car approaching from another direction to permit him to cross without requiring an emergency stop by the other vehicle. Entry into the intersection at the same time, or just a fraction of a second ahead of the other vehicle does not create a preemption. Byers v. Creel, 198 So.2d 739 (La.App. 4 Cir. 1967); West v. Travelers Indemnity Company, 225 So.2d 139 (La.App. 4 Cir. 1969); Robertson v. Ratcliff, 260 So.2d 155 (La.App. 2 Cir. 1972); Rhodus v. Allstate Insurance Company, 192 So.2d 226 (La.App. 4 Cir. 1966).
In Robertson v. Ratcliff, supra, the Second Circuit Court of Appeal held:
“Before one may claim the benefit of the rule of pre-emption, he must establish more than that he entered the intersection first. It must be shown that he made a lawful entry after first ascertaining that intersecting traffic was so far removed as to allow him a safe passage. He must also have entered the intersection with a bona fide belief and expectation that he could cross with safety.”
In Rhodus v. Allstate Insurance Company, supra, the Fourth Circuit Court of Appeal observed that:
“. . . The jurisprudence is so well settled that citation of authorities is unnecessary to the effect that pre-emption does not result from merely entering an intersection first. In order to preempt an intersection the motorist must show that he made a lawful entry therein after ascertaining that oncoming traffic is sufficiently far removed as to permit a safe passage and under the bona fide belief and expectation that he can negotiate a crossing with safety.”
And, in West v. Travelers Indemnity Company, supra, the court said:
“. . . Before he can successfully rely on preemption a motorist must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection just a fraction of a second ahead of the other vehicle does not create a preemption.”
In the instant suit plaintiff Ernst did not ascertain that it was safe for him to enter the intersection before he proceeded to do so. It is obvious that it was not safe for him to enter, because a collision occurred despite the fact that Ernst increased the speed of his vehicle after entering the intersection, and Lyons skidded his wheels a distance of 25 feet prior to the impact, in efforts to avoid such an accident.
Plaintiff testified that he first observed the Lyons truck when the latter was from 50 to 100 feet from the intersection. After considering the relatively narrow widths of the two highways involved, the point in the crossing where the collision occurred, and the fact that Ernst increased the speed of his vehicle after entering the intersection while Lyons at the same time substantially reduced the speed of his, we feel that Lyons was nearer 50 feet, rather than 100 feet, from the crossing when Ernst first saw him. Even if Lyons should have been the greater distance from the crossing, however, it would have been apparent to Ernst had he looked that he could not have safely negotiated a crossing ahead of the Lyons vehicle.
This accident occurred in a rural area, and since there is nothing dn the record to *833 show otherwise, we assume that the speed limit on these roads was 60 miles per hour for automobiles. LSA-R.S. 32:61. Vehicles approaching from Ernst’s right had the preferred right-of-way, and in view of the permissible speed limit we think Ernst was under a duty to carefully observe approaching traffic before proceeding into the intersection.
Our conclusion is that plaintiff Ernst was negligent in entering the intersection in front of an approaching preferred motorist when it was not safe to do so. His negligence in that respect was a proximate cause of the accident, and it bars him from recovery.
Plaintiff contends alternatively that defendant Lyons had the last clear chance to avoid the accident. We cannot agree.
Lyons had no reason to suspect that plaintiff would not yield the right-of-way to him until Ernst actually entered the crossing. According to plaintiff’s testimony, his truck and trailer combination was about 32 feet long, and we estimate that the front of his truck could not have traveled more than 45 or 46 feet between the time it first entered the intersection and the time of the collision. Since Lyons was traveling only 35 miles per hour at the moment Ernst entered the crossing, and thereafter Lyons reduced his speed by skidding his tires, it is apparent that the Lyons vehicle could not have traveled more than 70 to 80 feet after the danger became apparent. After allowing for reaction time, and the fact that these were graveled roads, we find that Lyons did not have an opportunity to avoid a collision after the danger became, or should have become, apparent to him.
Since we have concluded that plaintiff is barred from recovery by his own contributory negligence, it is unnecessary for us to determine whether defendant Lyons was negligent.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendants, and against plaintiff, Thomas R. Ernst, rejecting plaintiff’s demands at his costs. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.
MILLER, J., dissents with reasons.