BOLIN, Judge.
This suit resulted from the collision of two automobiles at the intersection of Linwood Avenue and Alma Street in the City of Shreveport. The driver and occupant of the vehicle proceeding on Linwood suffered personal injuries and by this action recovery is sought for these personal injuries, damage to the automobile, and related special expenses. Defendants are the owners of the other vehicle and their insurer. From judgment rejecting plaintiffs’ demands they appeal and we affirm the judgment of the lower court.
Linwood is a four-lane thoroughfare running generally north and south and Alma is a two-lane street running generally east and west. Traffic at the intersection is controlled by an overhead electric semaphore light with the usual alternating colors of green, amber and red.
Gloria McCormic testified that on the day of the accident she was driving the family automobile west on Alma Street at a speed of approximately 25-30 miles per hour. She said the light was green for her so she continued toward the intersection at about the same speed with the intention of turning left on Linwood and proceeding south to Many, Louisiana. She said that as she reached the intersection the light turned from green to amber; that as she was proceeding across the northbound lane of Linwood, preparatory to making her left turn, a 1962 Chevrolet being driven north by Sharon Lynn Harris, accompanied by her six-month-old daughter, struck the left side of ■ her Ford. Mrs. McCormic said she never saw a red signal light.
Mrs. Harris gave a somewhat different version of the accident. She testified she was traveling north in the inside lane of Linwood at a speed of approximately 30-35 miles per hour and that she first noticed she had the green light some- distance before approaching the intersection. On cross-examination she testified she was only a few yards from the intersection when she saw the green light. She said there was at least one car to her right, also travelling north, in the outside lane of Linwood ; that she first noticed the McCormic vehicle when it was directly in front of her and in the intersection; that she attempted to apply her brakes but was unable to avoid the collision. She admitted her vision to her right was somewhat obscured by the vehicle in the outside lane which was either stopped at the intersection or was slowly moving.
James Leon, a purportedly disinterested witness, testified he was several hundred *562 yards from the scene of the accident, driving his truck south on Linwood, and that he observed the wreck. However, because of previous inconsistent statements made to an adjuster, the district judge in his written reasons concluded “that we must ignore his testimony altogether”. We likewise find the testimony of Leon to be wholly unacceptable.
We attach no significant value to the testimony of a city police officer who arrived at the scene after the accident. Therefore the lower court was, and this court is, faced with determining the true facts from the testimony of the two drivers and from the physical facts surrounding the accident as reflected in the record.
In his written reasons for judgment the district judge concluded that Mrs. McCormick entered the intersection while the traffic light was turning from green to amber and therefore she was guilty of no negligence in proceeding into the intersection to make her left turn. We agree with this factual finding of the lower court. We further find Mrs. Harris first observed the traffic light on Linwood immediately after it had turned green.
The applicable statutory law is found in Louisiana Revised Statutes 32:232:
“Whenever traffic is controlled by traffic-control signals exhibiting the words ‘Go,’ ‘Caution,’ or ‘Stop,’ or exh'1 iting different colored lights successively at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
(1) Green alone, or Go :
(a) Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent cross walk at the time such signal is exhibited.
(b) Pedestrians facing the signal may proceed across the roadway within any marked or unmarked cross walk, but if the vehicular traffic facing the signal is allowed to turn into the street which the pedestrian is crossing, the pedestrian shall not proceed across the street until he may do so safely.
(2) Steady Yellow or Amber alone:
(a) Vehicular traffic facing the signal is thereby warned that the red or ‘Stop’ signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or ‘Stop’ signal is exhibited.
* * * ”
Many cases may be found in our jurisprudence interpreting the above statute. In Martin v. Slocum (La.App. 2d Cir. 1962), 147 So.2d 454, defendant entered the intersection of a four-lane throughfare while the signal light was amber but before she cleared the crossing it had turned red. The plaintiff driver proceeded into the intersection either against a red light or as it turned green without allowing the other vehicle sufficient time to clear the crossing. The court found under these facts plaintiff was guilty of negligence which was a proximate cause of the accident, and stated the following rule:
“ . . . The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same.” (Numerous cases cited)
The Martin case was cited with approval in Mooring v. Pomeroy, 175 So.2d 435 (La.App. 2d Cir. 1965). There the defendant driver entered the intersection “at or about the time the green signal changed to the yellow caution light”. The plaintiff drove his car into the intersection as the signal changed from red to green and the court, quoting from the Martin case, found *563 plaintiff driver guilty of contributory negligence. The Martin case has also been cited with approval in numerous other cases, among these being Kirby v. Brumfield (La.App. 2d Cir. 1972), 268 So.2d 311, and Earles v. Volentine (La.App. 2d Cir. 1966-writ refused 1967), 191 So.2d 740.
In all the cases cited supra the negligence of the plaintiff driver was found to be a proximate cause of the accident, barring his recovery under a special plea of contributory negligence. The negligence of the driver entering the intersection pursuant to an amber light was either not proved or was assumed for the purpose of sustaining the plea of contributory negligence. In the case before us an alternative plea of contributory negligence has been made an issue. Based on the facts as previously outlined herein and the cases cited, we conclude Mrs. Harris was guilty of contributory negligence which bars her recovery. However, this does not dispose of the issue of whether there should be recovery for the injuries sustained by her small daughter who was accompanying her in the automobile at the time of the accident.
In order to deny recovery for the injuries to the child it will be necessary for us to find Mrs. McCormic free of negligence and that the sole and proximate cause of the wreck was the negligence of Mrs. Harris. We find nothing in the evidence to indicate any negligence on the part of Mrs. McCormic. While it is true that Louisiana Revised Statutes 32:232 (2) (a) [relating to an amber light] provides that, “Vehicular traffic facing the signal is thereby warned that the red or ‘Stop’ signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or ‘Stop’ signal is exhibited”, this provision must be interpreted with the emphasis on '‘warned”. The provision that “such vehicular traffic shall not enter or be crossing the intersection when the red or ‘Stop’ signal is exhibited” means that the entrance should not be made on a caution light if by reasonable diligence it can be avoided. If the driver is in the process of entering as the light changes he has pre-empted the intersection and is committed to move on in order to clear the passage for traffic travelling perpendicular to him. To say that a driver is negligent under all circumstances would be unreasonable and inviting accidents rather than preventing them. For example, it is reasonable to assume in the instant case that if Mrs. McCormic had attempted to stop her vehicle as she entered the intersection, such vehicle would have come to rest in the intersection rather than before she entered it. If there had been any evidence that she was exceeding the speed limit or was inattentive as she approached the intersection, our conclusion would be different. We find she exercised every care required of her under the law and jurisprudence and that she was free from negligence.
The judgment of the lower court rejecting plaintiffs’ demands is affirmed at appellants’ cost.