WILLIAMS, Judge.
Lowell W. Flournoy filed suit against Complete Auto Transit Company seeking damages he suffered from the total loss of his 1970 Chevrolet resulting from an in-tersectional collision. From a judgment rejecting plaintiff’s demands he has perfected a devolutive appeal. We affirm the judgment of the District Court.
*521 The collision occurred on September 11, 1972 about 9:30 A.M. at the intersection of East Texas Street and Hamilton Road in Bossier City. The weather was clear. East Texas Street is a four lane street running east and west; Hamilton Road is a two lane street running north and south. There are electric semaphore traffic lights at this intersection which control traffic flow. These are three normal 3-light signals : amber, red and green, each having a left turn arrow at the bottom to permit westbound or eastbound traffic on East Texas Street to enter Hamilton Road. The cycle of these lights is important as the chart in evidence shows the green light and the green arrow, left turn signal come on simultaneously. The green arrow'stays on 2.8 seconds; the green light remains on 28 seconds.
The defendant’s large auto transit truck and trailer, driven by Robert L. Cobb, defendant’s employee, was traveling west on East Texas Street on the inside lane of travel with the intention of making a left turn south on Hamilton Road. The truck commenced its left turn, entered Hamilton Road and blocked the eastbound lanes of traffic on East Texas Street. At this moment Flournoy’s car, traveling on the out-, side lane of East Texas Street in an eastern direction, collided with the rear portion of the truck.
Plaintiff testified he was driving his 1970 Chevrolet east on East Texas at a speed of 30 miles per hour. ‘ About 200 feet from the intersection he was driving his vehicle in the inside traffic lane. Seeing a Red Ball truck stopped ahead at the intersection, apparently due to the red light, he changed lanes and entered the outside lane. About this time his attention was distracted by the approach of a vehicle from a parking area on his right. Plaintiff continued at the 30 miles per hour speed, and as he came parallel to the Red Ball truck he saw a Volkswagen stopped immediately in front of the truck. He noticed the light had changed to green and he continued at his speed into the intersection. The defendant’s truck then appeared before him and plaintiff tried unsuccessfully to stop his car before striking the rear portion of defendant’s truck which had preempted Hamilton Road. Plaintiff stated the light was green and no “green arrow” was in evidence to him for at least the distance of 186 feet before he drove into the intersection. He stated he did not see the truck until it blocked his lane of traffic.
Robert L. Cobb, driver of defendant’s truck, testified that as he approached the intersection the signal was red but changed to green with a green left-turn arrow, when his truck was about 75 feet away. Cobb proceeded to make a left turn while the green arrow was in evidence at a speed of approximately ten miles per hour. He reached the northbound lane of Hamilton Road when he saw plaintiff’s car just before the collision. Cobb’s version is substantiated by the drivers of the Red Ball truck and the Volkswagen which had stopped at the intersection.
The factual issue presented to the trial court and now here is whether defendant’s truck commenced the left turn on the green arrow wherein there would be no negligence on the part of defendant’s driver. On the other hand if defendant’s driver commenced the left turn after the green arrow went off, there would be negligence on Cobb’s part. The trial court resolved this question by holding plaintiff failed to carry the burden of proof that defendant’s driver was negligent. In oral opinion the trial judge stated:
“ * * * If in fact, the driver of the defendant’s vehicle began his left turn on the left turn protective arrow, he was entitled to complete it and if, in fact, which the Court must take as a fact, the plaintiff did not see him, then he is held to the duty of seeing him. He is held to the duty of seeing what he should have seen and he, therefore, can not complain that he did not see the other vehicle enter the intersection, because his vision was blocked by the truck. . . . ”
Although the trial court limits its findings of fact, we believe the proponder- *522 anee of the evidence is that defendant’s driver entered the intersection and commenced his turn on the green left-turn arrow. The law applicable is summarized by this court in Jones v. State Farm Mutual Automobile Insurance Company, 209 So.2d 525 (La.App., 2d Cir. 1968) and approved in Kirby v. Brumfield, 268 So.2d 311 (La.App., 2d Cir. 1972) as follows:
“The law is well settled that where traffic is controlled by an electric semaphore light a motorist is guilty of negligence if he proceeds into an intersection after a red light turns to green without allowing sufficient time for those in the intersection to clear same. Earles v. Volentine, 191 So.2d 740 (La.App., 2 Cir. 1966) and numerous cases cited therein.” [209 So. 2d 525, S26]
The negligence of plaintiff in driving into the intersection without allowing defendant’s vehicle, which had lawfully preempted the intersection, to clear the intersection, was the proximate cause of the accident.
For the reasons assigned, the judgment of the District Court is affirmed.
Affirmed.