BAILES, Judge Pro Tem.
Plaintiff-appellees recovered judgment in the amount of $5,000 against defendant-appellant for physical injuries she received in an intersectional collision with an uninsured motorist. The defendant, United States Fidelity & Guaranty Company, is the uninsured motorist insurer of the vehicle plaintiff was driving at the time of the collision. Plaintiffs sue for $5,000 for physical injuries to Mrs. Borden, $5,000 in penalties and $5,000 attorney’s fee. Defendant appealed. Plaintiffs neither appealed nor answered the appeal.
*414 We find plaintiff was guilty of contributory negligence and such is a bar to her recovery. We reverse.
The facts of this case are relatively simple. It was stipulated that the accident occurred at the intersection of Richmond Street and Mississippi Avenue in the City of Bogalusa; that these were two-lane concrete streets of equal dignity; and that the intersection was controlled by a standard highway department three light traffic control device which was not functioning at the time of the accident.
The evidence shows that the plaintiff was proceeding north on Richmond Street and the vehicle which struck her was proceeding east on Mississippi Avenue. The plaintiff, Mrs. Borden, testified that she was familiar with the intersection and that she was aware of the presence of the traffic light at this intersection. She insisted throughout her testimony that she had no. recollection of the accident, that she did not remember looking or stopping at the intersection. No connexity is established between the plaintiff’s injuries and her lack of recall of the facts surrounding the accident. The driver of the other vehicle involved in the collision, Claude Dickerson, testified that he saw the vehicle driven by plaintiff as she approached the intersection. He stated he thought she was going to slow down, however she neither slowed nor stopped before entering the intersection.
The investigating officer of the Bogalu-sa police department testified that the front of the Dickerson car struck Mrs. Borden’s vehicle on the door on the left side; that he found no indication that Mrs. Borden attempted to stop her vehicle, and he estimated her speed at the time of the collision at 30 mph.
The trial judge dictated into the record the following reasons for judgment:
<( * ‡ ‡
“This intersection was controlled by a four-sided, three-way traffic light.
“It has been stipulated that on the night in question it was not operating although the device was hanging in place but it was not operating, (sic) The lady who is the plaintiff here, Mrs. Borden, was going north. The other driver was going east, approaching from her left on Mississippi Avenue.
“To me it is significant that at other places where streets intersect this Richmond Street, also a Louisiana highway, if there is not a traffic light, there is a stop sign that stops those streets and Richmond Street is the favored street.
“Richmond is an extension of the main business street that goes through the City of Bogalusa. Prior to the bypass a couple of years ago, it was the main highway through the town.
“This Court’s conclusion of fact is that it is favored over Mississippi Avenue although they may be made the same width of concrete and they may look alike, there is a difference of usage.
“Now, you can take these intersection collisions and research them and analyze them and fool with them all you want and I don’t have all of the wisdom of it, but I believe, I don’t find any negligence on the lady’s part and I think that she had the right of way by being in the intersection and on the right-hand side.
“If that is in the teeth of some high jurisprudence, I am wrong and I will have to be corrected. That is my reaction to it, but I have to hold this case open until Monday, December 10, 1973. * * *.
“I think the case is worth the $5,000, the policy limits. Since it is a U.M. case, uninsured motorist, there is no recovery for special damages, is there ?”
In Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308, a case strikingly similar to the instant case, the court stated:
“The question presented here, however, concerns the rights and duties of *415 drivers approaching an intersection normally controlled by a three-phase, four-sided semaphore signal which is in place but temporarily out of order.
“State Farm Mutual, Mr. Soprano’s insurer, contends that because the semaphore signal was not operating we must apply the statutory rules of right of way enacted by the State to facilitate the movement of vehicular traffic. This would require us to govern the rights of the parties by the provisions of LSA-R. S. 32:237(a) [1. footnote omitted] (Now LSA-R.S. 32:121) and recognized the right of way in the driver approaching the intersection from the right. Under this theory, State Farm Mutual contends that Soprano, approaching the intersection from the right, would have the right of way and would be free of negligence.
******
“[ 3] Once a municipality has erected a four-sided automatic signal device at an intersection such as this, the provisions of LSA-R.S. 32:237(a) are no longer applicable so long as that device remains visible to an ordinary observant motorist whether it is functional or not. * * * If the device is operating the motorist has the duty and obligation to heed the signals and a corresponding right to assume that others entering the intersection will do likewise. Should the device become non-operative, as in this case, the duty of an approaching motorist is then to exercise extreme caution at such an intersection and not to proceed therein until he has ascertained that he can negotiate the intersection with safety.”
Herein it was stipulated that the semaphore signal was non-operative. The plaintiff testified she had passed under this light “quite a few times,” knew the intersection was regulated by such a signal device. From the testimony of the driver of the vehicle proceeding east on Mississippi Avenue it is obvious that he was negligent in driving into the intersection without exercising extreme caution. He testified that Mrs. Borden neither stopped nor slowed her vehicle. Both drivers were under the same duty to approach and traverse the intersection with extreme caution and had either done so the accident would not have occurred.
In her brief, plaintiff argues that she had pre-empted the intersection, apparently relying on the testimony of the investigating officer that plaintiff’s vehicle was struck on the left door by the other vehicle.
We reject this argument because the plaintiff has not established that she made a lawful entry into the intersection. She did not enter the intersection at a time when she had reason to believe she could negotiate it in safety. She entered the intersection not more than a moment ahead of the other vehicle. See: Robertson v. Ratcliff, 260 So.2d 155 (La.App. 2 Cir., 1972). As stated in Soprano, the right of way accorded a motorist because of his directional approach to the intersection in relationship to other vehicles approaching thereto has no application herein.
Further, plaintiff argues that she is entitled to recover under the doctrine of last clear chance or discovered peril. Last clear chance was not pleaded by plaintiff and it has no application herein.
We find that plaintiff, Mrs. Eldora B. Borden, was contributorily negligent; that her negligence was a contributing proximate cause of the accident and resulting injuries; and that she must be denied recovery.
For the foregoing reasons, the judgment of the trial court is reversed, annulled and set aside, and there is judgment herein in favor of the defendant-appellant, United States Fidelity and Guaranty Company, rejecting the demands of the plaintiff-appel-lee, at her costs.
Reversed.