NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-399


RYAN M. SMITH AND DWAYNE PAUL SMITH

VERSUS

TERRY E. MONTELL AND ALLSTATE PROPERTY
AND CASUALTY INSURANCE COMPANY


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF LAKE CHARLES CITY COURT, NO. 18-2061
HONORABLE JAMIE BLAIR BICE, CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***


SHARON DARVILLE WILSON
JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Shannon J. Gremillion, John E. Conery, and Sharon Darville Wilson, Judges.


AFFIRMED.


Kevin Joseph Koenig
Raggio, Cappel, Chozen & Berniard
533 Alamo Street
Lake Charles, LA 70602
(337) 436-9481
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Allstate Property and CasualtyInsurance Company
    Montell E. Terry

**Chad E. Mudd**
**David P. Bruchhaus**
**Matthew P. Keating**
**Wesley Romero**
**Mudd, Bruchaus & Keating, LLC**
**422 E. College Street Suite B**
**Lake Charles, LA 70605**
**(337) 562-2327**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Ryan M. Smith**
    **Dwayne Paul Smith**

**WILSON, Judge.**

Ryan M. Smith (Smith) filed suit against Montell E. Terry [1](Terry) and his insurer, Allstate Property and Casualty Insurance Company, in connection with an automobile accident which occurred between Smith and 18-wheeler driver, Sidney Gallien, Jr. (Gallien.) Smith claimed Terry was the sole cause of the accident and did not make a claim against Gallien. This case went to trial before the city court of Lake Charles on the sole issue of liability. The trial court Judge cast judgment in favor of Smith, finding Terry 100% at fault for the subject collision. Defendant appeals. For the following reasons, we affirm.

I.

## ISSUES

We must decide:

1. Whether the trial court committed manifest error in concluding Terry was the legal cause of the accident occurring between Smith and the 18-wheeler driver, Gallien.
2. Whether the trial court committed manifest error in concluding Smith had the right-of-way over the vehicle operated by Terry or other vehicles occupying the northbound lanes of Lake Street at its intersection with Prien Lake Road and was not at fault or comparatively negligent in connection with his collision with Gallien.

II.

## FACTS AND PROCEDURAL HISTORY

On May 8th, 2018, on Lake Street, near its intersection with Interstate 210, in Lake Charles, Louisiana, a motor vehicle accident occurred. Plaintiff/Appellee, Smith, was operating a 2004 Ford F-150[2], Gallien, was operating a 2017 Kenworth

---

[1] The caption mistakenly shows appellant's name as Terry E. Montell.
[2] The 2004 Ford F-150 was owned by Smith's father, Dwayne Paul Smith.

18-Wheeler, and Defendant/Appellant, Terry, was operating a 1993 Chevrolet Truck, insured by Allstate Property and Casualty Insurance Company (Allstate).

On the date of the accident, Terry and Gallien both took the I-210 at Lake Street's westbound exit. Terry, positioned directly behind Gallien, then proceeded straight from the exit ramp to a signal light, which allowed him to continue west across Lake Street back onto I-210 west or make a left turn south onto Lake Street. At the same time, veering right, Gallien proceeded to the yield sign for Lake Street, which allowed him to head north onto Lake Street or across the northbound lanes of Lake Street to the far-left westbound turn lane for Prien Lake Road. Gallien proceeded across both northbound travel lanes of Lake Street in order to enter the westbound left turn lane onto Prien Lake Road. After reaching the signal light, which indicated red, Terry made a prohibited right turn north onto Lake Street instead of a left turn. Simultaneously, Smith, who was traveling north on Lake Street in the inside lane, passed through a green light at Lake Street's intersection with College Street. The light controlling the Lake Street intersection with I-210 and Prien Lake Road was also green." It was as Smith approached the intersection that Smith claims Terry made an illegal right turn in front of Smith, causing him to swerve to avoid Terry's vehicle, resulting in Smith colliding with Gallien's 18-wheeler.

As a result of the collision between Smith and Gallien, Smith filed suit against Terry and his insurer, Allstate, claiming Terry's actions caused the collision. On February 13, 2020, this matter went to trial in city court of Lake Charles on the sole

issue of liability[3]. Following the trial, the city court Judge issued a written opinion that, while unable to establish with certainty the speed of travel of Smith and the exact pre-crash position of Terry, that the testimony of the parties, Gallien and the investigating Officer clearly established that Terry "was in a location which he should not have been in a manner which was illegal and "but for" his action, this accident between the plaintiff and Gallien would not have occurred."  Smith was awarded damages in the amount of $7,045.24[4].  Defendant, Terry, appealed, raising two assignments of error.

III.

**STANDARD OF REVIEW**

A reviewing court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Snider v. La. Med. Mut. Ins. Co.,* 13-579 (La. 12/10/13), 130 So. 3d 922, 938.  There is a two-part test that a reviewing court must apply to reverse a factual finding: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. *Id; Stobart v State, Dep't Transp. & Dev*., 617 So 2d 880 (La.1993).  This test establishes that a reviewing court must do more than simply review the record for some evidence that supports or contradicts the trial court's finding.  The appellate court must review the

---

[3] Prior to trial, the parties stipulated as follows: the vehicle driven by Smith was rendered a total loss as a result of the subject accident; Allstate provided liability coverage in the amount of $15,000.00; Dwayne Paul Smith, father of plaintiff and owner of plaintiff's vehicle, incurred towing expenses in the amount of $623.26 as a result of the subject accident; and Smith's 2004 Ford F-150 had an actual cash value of $5,554.67 and salvage value of $867.31.

[4] As stipulated by the parties.

record in its entirety to determine whether the trial court's finding is clearly wrong. *Id.*

## IV.

## <u>LAW AND DISCUSSION</u>

I.    Legal Cause

Appellant argues it is implausible for Terry to be determined the sole cause of the accident when relying on the evidence. Terry concedes that he made an illegal right turn while positioned in a lane designated only for left turns or to continue going straight back onto I-210 and that he made this turn while the signal light was indicating red. However, Terry argues, a violation of a traffic ordinance on its own does not establish fault. Further, the violation must be a legal cause of the accident to be actionable. In order to be actionable, the conduct must be both a cause in fact and a legal cause of the harm. *Baughman v. State, Dep't of Transp. and Dev.,* 28, 369 (La. App. 2 Cir. 5/8/96); 674 So. 2d 1063, writ denied, 96-1882 (La. 11/1/96); 681 So. 2d 1260. Terry testified at trial that he was at a stop for about ten seconds when Smith hit the side of Gallien's vehicle. In his deposition, Gallien also references this "five to ten second" time frame several times when prompted by counsel. However, Gallien's testimony as to this "five to ten second" time frame does not clearly establish the location at which this stop happened, nor does it completely obliterate the possibility that following this stop, Terry turned out in front of Smith. On the contrary, there are several points where Gallien opined that Terry caused the accident by pulling out in front of Smith[5].

---

[5] Gallien also testified that Terry's illegal maneuver caused him confusion as well.

In his deposition testimony, Gallien says he saw Smith at the College Street light before proceeding from the yield sign. As he is attempting to make his move from the yield sign, he noticed Terry attempting an illegal right turn. This caused Gallien concern; therefore, he and Terry began to gesture as to who should make the first move. As this was happening, Gallien's attention deviated. He was now paying less attention to Smith and northbound traffic, instead focused on trying to understand Terry's illegal maneuver. Terry testified that he allowed Gallien to go ahead of him since he indeed had the right-of-way. It is perfectly reasonable to conclude that within this "five to ten second" time frame, Smith's light turned green, and he began heading northbound on Lake Street when Terry pulled out in front of Smith, after allowing Gallien to move out in front of him.

There is a reasonable factual basis for the finding of the trial court. Despite not being able to definitively determine the location of Terry's vehicle immediately prior to the crash, there were multiple statements that Terry indeed pulled out in front of Smith. Gallien said in his deposition, and to the police officer at the scene, that Terry pulled out in front of Smith and caused the crash. The investigating officer reached that same conclusion. Immediately following the crash, Smith told Terry he caused the accident because he pulled out in front of him. There was contradicting testimony between Terry and Smith. When there are two conflicting testimonies, the factfinder's choice between them cannot be manifestly erroneous unless the record makes that choice implausible. *Rosell v. ESCO,* 549 So.2d 840(La.1989). There is plenty of evidence in the record that supports Smith's testimony. This assignment of error lacks merit.

II.    Comparative fault

Terry argues that the trial court's conclusion that Smith had the right-of-way and was not at fault, or at least comparatively negligent, for his collision with Gallien, is unreasonable considering the evidence of Gallien occupying all northbound lanes of Lake Street near its intersection with Prien Lake Road.  Specifically, Terry argues that because both northbound lanes of Lake Street were occupied by Gallien's 18-wheeler at the time of collision, Smith had a duty to proceed with caution and not to strike those stopped vehicles.  The fact that vehicles were stopped in the roadway takes the right-of-way away from Smith and instead gives the right-of-way to the stopped vehicles. Terry relies on *Ernst v. O'Bannion*, 278 So.2d 830 (La.App. 3 Cir.), writ denied, 281 So.2d 749 (La.1973)., which determined a motorist who pre-empts an intersection thereby gains the right-of-way and the other motorist who would have been on the favored street must yield the superior right of passage.

The above argument focuses on the theory that the vehicles were indeed stopped for those "five to ten seconds" in the roadway, and as previously stated, the trial court, reasonably and fully within its discretion, rejected this argument. Gallien's testified that he came to a complete stop at the yield sign and then proceeded to move out into the lane.  There were no vehicles at a complete stop in the roadway when Smith was approaching.  Therefore, the pre-emption doctrine simply does not apply.

Terry also argues that Smith should be assessed fault based upon his lack of attention and excessive speed.  From a review of the record, there is no evidence that shows Smith was speeding, and further, the investigating officer did not find that Smith committed any violations.  The officer, as well as Smith, both testified that

6

Smith had no reasonable expectation that Terry would have pulled out in front of him when Smith had the obvious right-of-way.

Although the trial court, admittedly, could not reach a definitive answer as to the exact position of Terry's vehicle or Smith's speed of travel and there is possible evidence that could reach an alternative result, there is not enough to make the trial court's finding clearly wrong or manifestly erroneous. We cannot say that the trial court committed manifest error in accepting the investigating officer's report of the accident, the testimony of Smith, and the deposition testimony of Gallien, in favor of Smith's account. This assignment of error lacks merit.

V.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.**